Hooker *v.* McGlone.

———•••———

42 95
74 117
74 119

GEORGE A. HOOKER, AGENT, *vs.* BARTHOLOMEW J. McGLONE
AND OTHERS.

*H*, who was in fact the agent of *M*, and did business for him under the name of " *H, agent,*" furnished brick for a building to be erected, contracting to do so simply as agent, without disclosing the name of his principal. He afterwards filed a lien upon the premises in the name of *H, agent,* and in the same name brought a petition for a foreclosure of the lien. Held that the lien was properly filed in that manner, and the petition properly brought.

The land on which the building was erected was owned by *B.* The respondent agreed with *B* to erect a building on the land at his own expense, which when completed was to be used by the respondent and *B* together for manufacturing purposes. Held that *H* was not to be considered as a sub-contractor under the respondent, and *B* as the owner of the building, but that the respondent was to be regarded as the owner and *H* as an original contractor.

And held that the lien took effect upon the building and upon whatever rights the respondent had in the land under his agreement with *B.*

The respondent afterwards and before the petition was brought, purchased the land of *B* and took a deed in his wife's name, he alone paying the consideration. Held that the conveyance to the wife was a voluntary one, not good against the petitioner as a creditor, and that upon the purchase of the land it became at once equitably subject to the lien of *H.*

Where one person erects as his own a building upon the land of another, with the consent of the latter, a lien for work done upon the building or for materials furnished, attaches to the building and to whatever rights the owner may have in the soil, but does not affect the rights of the owner of the land.

PETITION for the foreclosure of a lien for materials furnished for a building ; brought to the Court of Common Pleas of Hartford County. The following facts were found by a com mittee :

On the first day of June, 1872, Thomas B. Brooks of New Britain, owned and possessed the piece of land described in the petition, upon which and the building upon it the petitioner claims a lien. He continued to own it until December 9th, 1872, when he sold it to Beatrice J. McGlone, the wife of Bartholomew J. McGlone, at the request of her husband, she not being present, and it has since remained in her name. The sale was not in pursuance of any prior contract. The consideration of the sale was $150, which was paid by a credit of that amount on a bill of McGlone of $338 against Brooks for labor, at that time due to McGlone.

The piece of land contained about one-fourth of an acre, and no more than was necessary for the convenient use of the building now standing upon it, erected for a lamp-black manufactory. This building is ninety feet long by twenty-seven feet wide, and was about half built at the time of the sale of the land by Brooks to Mrs. McGlone. The land and building are now worth about $500 or $600.

About the first of June Brooks agreed with McGlone to permit the latter to erect on the land the lamp-black factory, and on its completion to engage with him in the lamp-black making business therein as a copartner ; McGlone engaging to supply all the capital necessary to erect the building, which was expected to cost $1,000, or $1,500. At that time Brooks had another building standing on the premises, used for tal-

low making, and worth about $700, which was burned before the sale of the land.

On the 15th of October, 1872, with the knowledge and verbal consent of Brooks, McGlone engaged the petitioner, a dealer in brick in New Britain, to furnish the brick to be used in erecting the building for which the present lien is claimed, and they were furnished from time to time as ordered, commencing on that date, and ending on the 26th of November, 1872. The value of the brick so furnished was $177.20, which was due the petitioner from McGlone at the time of the filing of the lien.

Before the petitioner furnished any brick he told McGlone that he would not furnish it without security, and McGlone referred him to Brooks & Vishno, a firm of which Thomas B. Brooks was a member. He went to them and they said that they would guarantee payment therefor, and thereupon he promised to furnish the brick, and subsequently did so. He also relied always upon his lien for further security, but gave no notice of any kind to McGlone or any one else of his intention to file any lien upon the premises before he actually filed the same.

The petitioner does business for Loyal Moultrop of New Haven, as agent. Moultrop is the principal, and owns all the brick and other articles in which the petitioner deals. He is the owner of the claim against McGlone, which is the subject of the present suit.

The lien was filed in the name of " George A. Hooker, Agent." Hooker never disclosed his agency to McGlone, but he had authority to transact Moultrop's business in New Britain and vicinity, in the name of " George A. Hooker, Agent." He took notes in that name, and kept his bank account in that name, and in all the transactions with McGlone in this regard he followed his usual and ordinary course of business.

Upon these facts the case was reserved for the advice of this court.

*Hungerford*, for the petitioner.

Hooker *v.* McGlone.

1.   Where a building is erected on land of a third person, with his knowledge and consent, the value of the premises is presumably increased to the extent of the cost of the building, and it is more equitable that the land should stand charged for the payment of the building, than that the liens of laborers and others, who have allowed their work and materials to go into the building, relying upon their liens, should be defeated. *Fuquay* v. *Stickney*, 41 Cal., 583, 587 ; *Weber* v. *Weatherby*, 34 Maryl., 656 ; *Morrison* v. *Hancock*, 40 Misso., 565 ; *Bliss* v. *Patten*, 5 R. Isl., 376 ; *Spaulding* v. *Thompson Eccl. Society*, 27 Conn., 577.

2.   But here the record shows, not only that Brooks consented to have the building put upon his land, but that he was interested to have it built for use in a copartnership business with McGlone, that he consented to the employment of the petitioner, who relied upon his lien, and that he guaranteed his pay.   From this it sufficiently appears that he recognized McGlone as his agent and assented that his land should be subjected to a lien, in which case a lien would clearly attach in favor of the petitioner.   If the lien once attached it was not defeated by any subsequent change of title.   Phillips on Mech. Liens, §§ 221, 226.

3.   The fact that the lien was filed in the name of the petitioner as agent is immaterial.   He could have sustained an action at law in his own name, although the beneficial interest is in another, and the addition of the word *agent* would be treated merely as *descriptio personæ*.   Story on Agency, §§ 393, 396 ; *Buffum* v. *Chadwick*, 8 Mass., 103 ; *Fairfield* v. *Adams*, 16 Pick., 381 ; *Colburn* v. *Phillips*, 13 Gray, 69.   For the same reason he could file a lien in his own name and enforce it by this proceeding ; the only person to make objection is Moultrop and not McGlone.   *Potter* v. *Holden*, 31 Conn., 385, 395.   But the record shows that Moultrop has adopted the name of " George A. Hooker, Agent," for his business name in New Britain.   In that name he may file liens, sue and be sued.   *Pease* v. *Pease*, 35 Conn., 131, 147, and cases cited.

*H. H. Barbour, Jr.*, for the respondent.

1. The requirements of the act relating to mechanics' liens have not been complied with. The fourth section of the act provides that no person, other than the original contractor, or a sub-contractor, whose contract is in writing, and assented to in writing by the owner, shall be entitled to a lien, unless within sixty days from the time he commences to labor or furnish materials, he gives written notice to the owner of his intention to claim a lien. It is found that "the petitioner gave no notice of any kind to McGlone, or any one else, of his intention to file any lien upon the premises." The petitioner was not "the original contractor," for Brooks owned the land until December 9th, 1872, and in the previous June he made a contract with McGlone, by the terms of which McGlone was to erect, at his own expense, a building in which, when completed, the two would carry on a manufacturing business. This is the only contract that the committee finds on the part of Brooks. Hence McGlone was the original contractor, and, if this is so, the petitioner was a sub-contractor, for the committee finds that, "on the 15th of October, 1872, *McGlone engaged the petitioner* to furnish the brick for the building." The fact that Brooks & Vishno said they would guarantee payment, does not alter the case, because it was a promise within the statute of frauds. The difficulty cannot be met by the claim that McGlone was Brooks's agent, for it could be made in every lien case as well as in this, and the result would be that the section requiring notice would amount to nothing. Moreover, if such was the fact, the petitioner's claim would be against Brooks, while the committee finds that it is McGlone who owes him. The fact that, subsequent to the completion of the contract by the petitioner, the title to the land became vested in Mrs. McGlone, is immaterial. He was, or was not, a sub-contractor when he furnished the brick, and the relative standing of the parties in October is not affected by a transfer of the land in December.

2. The fifth section of the statute provides that no lien shall attach to any building or the land upon which it stands, to a greater amount in the whole than the price agreed to be paid by the owner. If this section is to be literally construed,

the petitioner has no lien, for Brooks, the owner, never agreed to pay anything, but on the contrary, expressly stipulated that McGlone should " furnish all the capital necessary to erect the building." The provision requiring that the owner shall be made a party by written notice, before he shall be held liable, and that in no event shall he be required to pay anything in excess of the sum he agreed to pay for the building, shows that the legislature intended the act to mean that no lien shall attach to any estate not owned by the party against whom the claim exists.

3. The petitioner himself furnished no materials for the building upon which he claims a lien. A petitioner in chancery must have an interest in the subject of the suit or a right to the thing demanded. *Gaston* v. *Plumb*, 14 Conn., 347. The petitioner is George A. Hooker. The word " agent " is surplusage. *Buffum* v. *Chadwick*, 8 Mass., 103. He has no interest in the subject of this suit. He does business for Loyal Moultrop, who owned the brick which he furnished. And it is expressly found that Moultrop is the owner of the present claim. It is also found that in all his transactions with McGlone he followed his usual course of business as Moultrop's agent. His contract therefore was, in law, the contract of his principal, and Hooker cannot maintain any action upon it. 1 Chitty Pl., 185 ; 1 Swift Dig., 329. He never looked upon the contract as if he was the principal. He acted for Moultrop, and intended to act for him when he filed the certificate of lien as " George A. Hooker, Agent," the name in which he took notes for Moultrop and kept Moultrop's bank account. He cannot maintain this petition, for the act only provides that *any person having a claim* for materials furnished or work done upon a building may have a lien therefor, and that *such person* may foreclose the premises.

CARPENTER, J. This is a proceeding to foreclose a mechanics' lien. The first question which presents itself is, whether the petition is properly brought in the name of George A. Hooker. The petitioner describes himself as agent, and he was in fact the agent of Loyal Moultrop. In contracting

with McGlone he did not disclose his principal, but, as his custom was, made the contract in his own name as agent. In like manner the certificate of lien was filed.   We think it is apparent that the contract was between Hooker and Mc-Glone ; and that the indebtedness thereon arising was legally due from McGlone to Hooker.   *Buffum* v. *Chadwick*, 8 Mass., 103 ; *Colburn* v. *Phillips*, 13 Gray, 69.   That being so, and this being a process for collecting the debt, we think it is well brought in his name.   The fact that he will hold the proceeds as agent, or the real estate, if it is not redeemed, in trust for another, will not defeat his right of action.   *Potter* v. *Holden*, 31 Conn., 385.

On the 1st day of June, 1872, Thomas B. Brooks was the owner of the land on which the building was erected.   By a verbal agreement McGlone was to erect on the land, at his own expense, a building, which, when completed, was to be used by Brooks and McGlone jointly for the purpose of making lamp-black.   The petitioner furnished the brick for the building, commencing October 15th, and ending November 26th, of the same year.

On the 9th of December, 1872, McGlone purchased and paid for the land, taking the deed in the name of his wife, who now holds the title subject to certain incumbrances.

On the 19th of December the certificate of lien was filed. .

The respondents claim that McGlone was the original contractor, that Hooker was a sub-contractor, and that he cannot maintain this petition for the reason that he did not give to Brooks, the owner of the land, the notice which the statute requires.

There is no foundation for this claim.   The statute requires notice to be given by a sub-contractor to the owner or proprietor of the building, who is to be affected by the lien. When, as in this case, a third party is the owner of the land, and he is not to be affected by the lien, no notice to him is necessary.   The petitioner was an original contractor.   When the supplies were furnished McGlone was the equitable owner of the building, and when the lien was filed he was also the equitable owner of the land, at least so far as creditors were

concerned, of whom the petitioner was one.   No notice to Brooks therefore was required.

This consideration also disposes of the second, and the only remaining question made by the counsel for the respondents, which is, in substance, that no lien could properly attach in favor of any one, inasmuch as Brooks, the owner of the land, had never contracted to pay anything for the building.

This record also presents another question, which, although not discussed by the respondents' counsel, we will briefly notice, as it has recently received the attention of this court; and that is, to what extent do mechanics' liens attach in cases where the owner or proprietor of the building is not the owner of the land?

In the present case McGlone owned the building, and as that was erected by the consent of the owner of the land, he had also a qualified interest for the time being in the land itself.   We think that the lien attached to the building and to the interest, such as it was, which he had in the land, and ought to be enforced as against him.   When he purchased the land, had he become the owner of the legal title, his equitable interest in the building and land would have merged in his legal title, and the whole would have been subject to the lien.   The deed to the wife must be regarded as in the nature of a voluntary conveyance from her husband to her, and therefore the legal title in her is subject to the same equities that it would have been subject to in him.   It would be manifestly unjust to allow the husband to defeat the petitioner's claim by the mere circumstance of taking a deed in his wife's name instead of his own.   As she paid nothing for the land we do not see how she can complain if the land, as well as the building, is appropriated to the payment of her husband's debts.   Indeed counsel make no claim in her behalf.

The report of the committee is silent in respect to the subsequent incumbrances.   Whatever incumbrances existed, as appears from the petition, originated after the filing of the petitioner's lien, and when the record disclosed the nature and extent of his claim.

Upon the facts as stated we are of the opinion that the lien is valid and that the petitioner is entitled to a decree. The Court of Common Pleas is advised accordingly.

In this opinion the other judges concurred.