ISAPHENE HILLHOUSE *vs.* ROBERT A. PRATT ET AL.

Third Judicial District, New Haven, June Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The defendant *P* took possession of land under an agreement of purchase, by the terms of which he was required to build a house on the premises and finish it to the roof before receiving a deed, and thereupon to mortgage the premises back to the grantor for $1,500, the balance of the purchase price; and this agreement was duly performed. *Held:*—

1. That *P*, prior to the receipt of his deed, was so far an owner of the land that his equitable interest therein might be subjected to me-

chanics' liens for labor and material expended in the construction of the house.

2. That under the agreement in question such liens took precedence of the $1,500 mortgage, only in so far as they were based upon work and material necessary to the completion of the building to the roof.

3. That the lienors could not claim as subcontractors, since *P*, under his agreement of purchase, was not an original contractor within the meaning of the lien law.

Deeds necessary to carry into effect the contract of purchase were prepared when that agreement was drawn, and were placed in the hands of a third person to be delivered when *P* should perform the conditions imposed upon him. *Held* that these deeds were delivered in escrow, and that the trial court should have so found.

A mere agreement to sell land does not of itself give to the prospective vendee such an equitable estate in the property as to enable him to create a lien as owner which would affect the vendor's title, even if the materials for which the lien is claimed were furnished with the owner's consent.

Argued June 13th—decided July 23d, 1901.

ACTION to foreclose two mortgages of real estate, brought to the City Court of New Haven and tried to the court, *Bishop, J.;* upon the facts found the court ruled that the plaintiff's first mortgage took precedence of all other incumbrances, but that her second mortgage for $1,500 was subordinate to the mechanics' liens claimed by the defendants Grady and Igo, and rendered judgment accordingly, from which the plaintiff appealed for alleged errors in the rulings and findings of the court. *Error and new trial granted.*

The facts found are substantially as follows: On July 26th, 1899, the title and possession of the land covered by said mortgages was in Joseph Sheldon, subject to a mortgage of $3,000 to the plaintiff, duly recorded. On said day Sheldon and the defendant Pratt entered into a written agreement, under seal, by which Sheldon, in consideration of the note of Pratt for $500 for sixty days, and the further promises of Pratt below stated, promised to give to him, immediately upon the faithful performance of his agreement, a warranty deed of said land containing the usual covenants, " the said deed, however, not to be delivered to said Pratt until a dwelling-house of two tenements shall have been begun on said prem-

ises, and the roof of the same is on and finished according to the plans and specifications shown to said Sheldon this day." In consideration thereof Pratt agreed to pay said note, and to pay the further sum of $1,500, in semi-annual payments of $150, as the balance of the purchase price of said land, and upon the delivery by Sheldon to Pratt of said warranty deed, and as a part of the same transaction, to give to Sheldon a mortgage deed of the premises to secure the payment of a note for said $1,500, which was to be subject only to a prior mortgage of $3,600. Pratt further agreed to complete said house on or before November 1st, 1899, and if he should fail to make any of the payments as promised, that he should forfeit all claims to the premises and all moneys paid. This agreement was not recorded.

On August 7th, 1899, the plaintiff executed a release to Sheldon of her $3,000 mortgage. On August 18th, 1899, Sheldon executed a warranty deed to Pratt of said premises. On the same day Pratt executed a mortgage deed of said premises to the plaintiff to secure his note to her for $3,600, and on the same day Pratt executed a second mortgage deed of said premises to Sheldon to secure his note to Sheldon for $1,500. All said deeds and notes were placed in the hands of one Morse, and held by him until they were all presented by him for record on September 28th, 1899, at the same time, and the town clerk indorsed thereon the time for filing the quitclaim deed from the plaintiff to Sheldon as 3:10 P. M., the time of filing the warranty deed from Sheldon to Pratt as 3:13 P. M., the time of filing the mortgage deed from Pratt to the plaintiff as 3:14 P. M., and the time of filing the mortgage deed of said Pratt to Sheldon as 3:16 P. M. Said note for $1,500 is now owned by the plaintiff. Said mortgages of $3,600 and $1,500 are the mortgages in suit.

On August 15th, 1899, defendant Grady, a contractor on the house to be erected on said land as provided in said agreement, signed a waiver of lien on said premises, so far only as to enable the said Pratt to obtain a loan of $3,600 from the plaintiff. February 24th, 1900, Grady filed a mechanic's lien, claiming that he commenced furnishing materials, etc., Au-

gust 21st, 1899, and claimed therefor $675. He in fact commenced work August 14th and completed work in December, 1899.

February 3d, 1900, defendant Igo, who had the contract for heating said house, filed a mechanic's lien on said premises, claiming that he commenced furnishing materials, etc., August 7th, 1899, and claimed therefor $250.

Neither Igo nor Grady ever gave to said Sheldon, or to any one authorized or empowered by said Sheldon to act for him, any notice of the intention of either of them to claim a lien on the premises for materials, etc., furnished. Said Grady and said Igo contracted with said Pratt, who had no authority from Sheldon to make said contracts, except such as was derived from said agreement between himself and Sheldon, and from the warranty deed of August 18th, 1899. Igo was informed by Pratt of the mortgage to the plaintiff for $3,600, and had knowledge of the intention to substitute it for the one previously held, prior to commencing of the work by him. The work done by Grady and Igo prior to August 18th, 1899, was preliminary work, such as taking measurements and laying out a pit in the cellar. Nearly the whole of the work done by them was subsequent to the execution of the deeds, and prior to the recording of the same. Neither Grady nor Igo knew of the execution of the second mortgage until the completion of the work under their contracts.

The court found the mortgaged premises to be of the value of $5,500, and that said first mortgage of $3,600 took precedence of said mechanic's liens, but that the second mortgage of $1,500 did not.

*William H. Ely* and *Joseph B. Morse*, for the appellant (plaintiff).

*William L. Bennett*, for the appellee Lawrence F. Grady.

*Jacob B. Ullman*, for the appellee John E. Igo.

HALL, J. This is an action to foreclose two mortgages

Hillhouse v. Pratt.

the first of $3,600 and the second of $1,500. The question involved is one of priority of liens. The plaintiff claims that both of her mortgages should take precedence of the two mechanics' liens of the defendants Grady and Igo, while they contend that their liens should be given priority over the plaintiff's second mortgage. No question is made as to the priority of the first mortgage. The services and materials for which the liens are claimed were mostly rendered and furnished by Grady and Igo, while the legal title, subject to a mortgage to the plaintiff of $3,000, as appeared of record, was in Sheldon; and were all so rendered and furnished under a contract with the defendant Pratt, who was in possession under an agreement of purchase with Sheldon. The services were not rendered with the consent or authority of Sheldon, except as appears by the agreement between him and Pratt, and no notice was given to Sheldon that Grady and Igo intended to claim a lien. These services seem to have been rendered upon the personal credit of Pratt, and upon the credit of the estate which Grady and Igo supposed Pratt was afterwards to acquire from Sheldon.

Under these circumstances, although Pratt had not received a deed of the property, he yet had under his contract of purchase such an equitable interest in the land as would make him so far an owner under our mechanic's lien acts that he could make a building contract under which a lien might attach, to the extent of the estate which he was to acquire, and afterwards did acquire, under his contract of purchase. *Hooker* v. *McGlone*, 42 Conn. 95; *Botsford* v. *New Haven, M. & W. R. Co.*, 41 id. 454; Boisot on Mechanic's Liens, §§ 157–301.

A mere agreement to sell land does not of itself give to the vendee such an equitable estate in the property as to enable him to create a lien as owner which would effect the vendor's title, even if the materials for which the lien is claimed were furnished with the owner's consent. *McGinniss* v. *Purrington*, 43 Conn. 143; *Middletown Savings Bank* v. *Fellowes*, 42 id. 36. Whether, by reason of his equitable interest in this property, Pratt could make a building con-

tract under which Grady and Igo could acquire a lien upon the land which would take precedence of the $1,500 mortgage, depends, therefore, upon the extent of the estate which the agreement between Sheldon and Pratt shows was intended to be conveyed to Pratt by the deed to be given to him. Boisot on Mechanics' Liens, § 305. If this agreement could be considered as simply providing for a conveyance of the land to Pratt and a mortgage back to Sheldon for the purchase price, as a part of the same transaction, and as granting no power to Pratt to do any acts before the title vested in him which might create a lien upon the land, the mere instantaneous seisin of Pratt upon the delivery of the deed and before the giving of the mortgage, would not give the liens priority over the mortgage in question. The operation of the warranty deed and the mortgage would be contemporaneous, and there would be no opportunity for a lien to attach to the estate conveyed to Pratt before the reconveyance to Sheldon by the mortgage deed. *Middletown Savings Bank* v. *Fellowes*, 42 Conn. 36 ; Boisot on Mechanics' Liens, § 156 ; Phillips on Mechanics' Liens, § 246. But this agreement is something more than a bond for a deed. It not only provides that Pratt shall build a dwelling-house upon the land, but also that the deed of the property shall not be delivered to him "until a dwelling-house of two tenements shall have been begun on said premises and the roof of the same is on and finished." That part of the building thus described was, by the express terms of the agreement, required to be built by the vendee Pratt, while the title remained in the vendor Sheldon, and its construction by Pratt to that extent was necessary to the perfection of his equitable title to the property. It was in effect a part of the purchase price to be paid to Sheldon. Sheldon was to convey the land to Pratt with a partially completed building upon it, which Pratt had been required to construct, and Sheldon was at the same time to receive a mortgage back of the land with at least such described part of the building upon it. As the property to be conveyed to Pratt was to include the partly finished building to be erected by him before receiving his

deed, his equitable interest in the property was such, when he contracted with Grady and Igo, that under such contracts, the deed having afterwards been delivered to Pratt, they could enforce their liens against the property as prior liens to the second mortgage, for such work and materials as were necessarily furnished in carrying forward the building to the finishing of the roof according to the plans and specifications referred to in the agreement. In other words, the estate which was to be conveyed to Pratt by the warranty deed, as well as that which was to be conveyed to Sheldon by the $1,500 mortgage, were, by the effect of the provisions of the agreement, to be subject to such liens as would necessarily be created by the construction of that part of the building which was required to be completed by Pratt before the warranty deed and mortgage could be given. *Botsford* v. *New Haven, M. & W. R. Co.*, 41 Conn. 454.

Beyond the charge for labor and materials necessary to the erection of the building to the completion of the roof, as above stated, the mechanics' liens in question do not take precedence of the second mortgage.

By their contract with Pratt, Grady and Igo acquired no lien as subcontractors, since, under his agreement with Sheldon, Pratt was not an original contractor within the meaning of the lien law. *McGinness* v. *Purrington*, 43 Conn. 143; *Hooker* v. *McGlone*, 42 id. 95. And, furthermore, they failed to give the required notice to Sheldon of their intention to claim a lien upon his lands. They made no agreement with Sheldon, nor with any one having authority from or rightfully acting for him, in furnishing labor and materials for a building upon his land, other than those which were to be furnished in erecting the building to the completion of the roof; nor was the agreement for the sale of the land, or the provision therein requiring Pratt to complete the building after he became entitled to a deed, such a consent by Sheldon to the furnishing of labor and materials, beyond what was required for the erection of the building to the finishing of the roof, as gave to Grady and Igo a lien upon Sheldon's estate for such labor and materials. The consent

given by Sheldon by the written agreement was, that the remainder of the labor and materials required for the completion of the building beyond the partial construction described in the contract, should be furnished not at Sheldon's expense or upon the credit of his estate, but at the expense of Pratt and upon the credit of the interest which he was to have in the land after the giving of the $1,500 mortgage. *Lyon* v. *Champion*, 62 Conn. 75, 76 ; *Huntley* v. *Holt*, 58 id. 445.

It does not appear by the finding that the labor and materials for which Grady and Igo claim liens were necessarily furnished, or were by the plans and specifications required to be furnished, for the erection of the building up to the finishing of the roof. It is found that Grady and Igo were contractors on the house, and that Igo had the contract for heating. It is stated in defendants' brief that Grady had the contract for the plumbing. It appears that nearly all of their work was performed before the delivery of the deed and mortgage on the 28th of September, but that both did work after that date. Whether the building was completed beyond the finishing of the roof when the deeds were delivered, does not appear.

We think there was error in the judgment giving the mechanics' liens precedence over the second mortgage, upon the facts found, and that a new trial should be granted.

There was also error in the refusal to find, as requested by the plaintiff, that the four deeds which were placed in the hands of Morse, were delivered to him as escrows. The evidence before us shows that they were placed in his hands and not to be delivered until Pratt should become entitled to his deed by the performance of the conditions of the agreement of sale. *White* v. *Bailey*, 14 Conn. 271.

There is error and a new trial is granted.


In this opinion the other judges concurred.