FRANCIS H. HANNAN *vs.* WILLIAM HANDY.

Third Judicial District, New Haven, June Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

A real-estate contract which provides that the purchaser is to take possession of the land and build upon it, but that no deed is to pass until the completion of the building or some other future time, confers upon the purchaser such an equitable interest that he may make a building contract under which a mechanic's lien will attach to the extent of the estate to be thereafter acquired by him.

By an oral agreement made on or about July 1st and reduced to writing on July 6th, the defendant contracted with H for the purchase of a tract of land and a house "to be erected thereon," at a price of $5,500 payable in stated instalments during the progress of the work, at the completion of which a "good and valid warranty deed shall be given." On July 5th the plaintiff

commenced, and on August 13th ceased, to furnish materials ordered from him by H, and used in the construction of the house. On August 22d, H conveyed the premises to the defendant; and shortly after the final payment, August 24th, abandoned work on the house and was subsequently adjudicated a bankrupt. Prior to this time, the defendant did not take possession of the land. The plaintiff filed a certificate of lien on October 11th, which, in the present action of foreclosure, the defendant alleged was invalid as against him because no notice of intention to claim a lien had been given him in accordance with the provisions of § 5219 of the General Statutes. *Held:*

1. That the contract, read in the light of the facts found, justified the trial court's conclusion that it was a single, indivisible agreement for the purchase of the land with a completed house upon it, and not, in effect, two separate agreements, one for purchase of the land, and another for the construction of the house; and that, therefore, the relation between the plaintiff and H, when the materials were furnished, was that of original contractor and owner, and required no notice to the defendant in order to validate the lien, as would have been the case if the defendant had been the owner, H the original contractor, and the plaintiff a subcontractor.

2. That this conclusion rendered unnecessary a consideration of the effect upon the plaintiff's rights of his ignorance, until August 22d, of the existence of the contract between H and the defendant.

Argued June 1st—decided July 3d, 1926.

ACTION to foreclose a mechanic's lien and for damages, brought to the Superior Court in Fairfield County and tried to the court, *Booth, J.;* judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Hugh J. Lavery,* for the appellant (defendant).

*Charles A. Hopwood,* for the appellee (plaintiff).

HINMAN, J. The complaint alleged that the plaintiff furnished materials in the construction of a house, under agreement, made on or about July 1st, 1921, with Jeremiah Holmes, when he owned the land on which the house was built; that he commenced on

July 5th, 1921, and ceased August 13th, 1921; that on August 22d, 1921, Holmes sold the land to the defendant; and that the certificate of lien was lodged with the town clerk October 11th, 1921.

The defendant interposed a special defense alleging, in substance, that by verbal agreement made on or about July 1st, 1921, reduced to writing July 6th, the defendant agreed with Holmes to purchase the land, and entered into a contract for the construction of a house by the Jeremiah Holmes Homes Company; that thereupon the defendant took possession of the land; that shortly thereafter the Homes Company commenced work on the house, but abandoned it before completion; that the defendant received no notice of intention to claim lien, and therefore the lien is illegal. The written contract, annexed to the special defense, is as follows:

"Bridgeport, Conn., July 6th, 1921.

Received of WILLIAM HANDY of Bridgeport, County of Fairfield and State of Connecticut, one thousand ($1,000) dollars in part payment for a certain tract of land and for a house to be erected thereon according to plan # 86 and specifications bearing the same number, said real estate being situated in the Town of Stratford, County of Fairfield and State of Connecticut, and being known as lot No. 22 on map of Jeremiah Holmes which is on file in the office of the Town Clerk of Stratford. The contract price for the above property is to be $5,500. The whole amount of the purchase money in addition to the $1,000 receipted for above, is to be paid as follows:— $500 when the cellar is completed. $2,000 when the roof is on the house. $1,000 when the house is brown coated. $500 when the trim is in position. $500 when the house is completed. When the above conditions have been

complied with a good and valid warranty deed shall be given. Taxes on the grand list of 1920 and sewer assessment of May 20th, 1921, shall be paid by the said Jeremiah Holmes, but any and all taxes and assessments from date hereof, shall be paid by the said JOHN WILLIAM HANDY. I, JOHN WILLIAM HANDY, agree to buy and pay for as above written, .and I, Jeremiah Holmes agree to sell and convey on the above named conditions. IN WITNESS WHEREOF, we have hereunto set our hands and seals this 6th day of July, 1921.

WILLIAM HANDY.<br>JEREMIAH HOLMES.

Outside pantry to be added as per plan at an extra expense of $100, which shall be added to the final payment."

The finding states that Holmes was the owner of a tract of land from which he was selling lots, both with and without houses thereon, and that he built houses both on his own land and that of others. The Jeremiah Holmes Homes Company was a trade name used by Holmes, mainly for advertising purposes. The above quoted contract was duly executed and delivered July 6th, 1921, in pursuance of an oral agreement previously entered into with Holmes by the defendant's son on his behalf. The plaintiff, under an agreement with Holmes, sold him material used in the construction of the house described in the contract, which material was delivered between July 5th and August 13th, and was charged on plaintiff's books to the Homes Company. As work on the house proceeded, the defendant made the several payments provided in the contract except the final one, payable when the house was completed. August 22d, Holmes executed a deed of the land to the defendant. Shortly after the last payment, August 24th, Holmes ceased work

Hannan *v.* Handy.

on the house, was adjudicated a bankrupt September 13th, and the defendant was compelled to finish the house. During the progress of the work the defendant, his son and daughter-in-law were on the premises at various times supervising the work. The certificate of lien was filed as alleged, but no notice of intention to claim a lien was given to the defendant or to Holmes.

Upon the facts found the trial court reached the conclusions that the agreement between Holmes and the defendant was for the sale of the land and the house thereon and not an agreement to construct the house as contractor for the defendant, and that the materials were furnished to Holmes as owner and not as such a contractor. If these conclusions are correct the plaintiff's lien is valid under §5217 of the General Statutes, without the giving of the notice required by §5219, because the plaintiff was in the position of an original contractor with the owner. On the other hand, if the defendant, as he claims, were held to be the owner of the house and Holmes an original contractor with him, §5219 would apply, and the plaintiff, as a subcontractor, would not be entitled to claim a lien, because of failure to give the prescribed notice. The sole question presented by the several reasons of appeal is whether the facts found are competent to sustain the conclusions stated.

Especially when read in the light of the circumstances found, the contract plainly contemplates the sale by Holmes to the defendant of the land with a completed house upon the same for a single, specified, indivisible price, and not, as the defendant contends, what, in effect, would be two separate agreements, one for the sale of the lot and another for the construction of the house. The contract in question does not, in form or substance, harmonize with the latter theory. There is no separation of the prices of the house and

the lot. The reference therein, by number, to a plan and specifications is a convenient means of identification and description of the details of the building to be provided and included in the sale. The supervision exercised by the defendant and his family was apparently no more than a logical oversight and inspection from time to time; at any rate, the court has not found that the defendant, as he alleged, took possession before any building material was on the land, or at any time before the delivery of the deed, and no attempt is made to correct the finding. The charging of the material in Holmes' trade name is without significance or effect upon the issue here. The reference, in the certificate of lien dated and filed October 11th, to the house as "now owned by William Handy" is merely a proper statement of a then-existing descriptive fact and not an admission that the defendant was owner at the time the materials were furnished.

The parties, as is frequently done, might have contracted that the defendant was to take possession of the land and build upon it and that the deed should not pass until the completion of the building or at some other future time. Such a contract would have given the defendant such an equitable interest that he would be regarded as so far an owner that he could make a building contract under which a mechanic's lien might attach to the extent of the estate which he afterward acquired under his contract of purchase. *Hillhouse* v. *Pratt,* 74 Conn. 113, 49 Atl. 905; *Hooker* v. *McGlone,* 42 Conn. 95, 102. If, under such an agreement, he had contracted with Holmes to build the house, and the plaintiff's agreement was with the latter, the plaintiff would be a subcontractor to Holmes and he would have no lien as against the defendant unless he gave him the statutory notice. *Kinney* v. *Blackmer,* 55 Conn. 261, 10 Atl. 568. Such, however,

is not the present case, and, conversely, under the contract as here construed, Holmes continued, until he gave the deed, the owner to such extent, at least, that he could contract as such and charge the land and building with resulting liens. *Hillhouse* v. *Pratt, supra.* The consummation of the agreement to sell, by the giving of the deed, after the plaintiff's lien attached but before the certificate was filed, does not affect the validity of the lien. *Waterbury Lumber & Coal Co.* v. *Asterchinsky,* 87 Conn. 316, 87 Atl. 739.

The facts found sustain and warrant the conclusions of the trial court as to the nature and effect of the contract and the consequent validity of the plaintiff's lien.

The finding further discloses that the plaintiff commenced to furnish materials on July 5th, that the written contract between Holmes and the defendant was made on July 6th, and that the plaintiff had no knowledge of its existence until August 22d. However, the conclusion, above sustained, that Holmes dealt with the plaintiff as owner and not as contractor for the defendant, renders superfluous a discussion as to what would have been the effect, if any, of these facts upon the plaintiff's right of lien lacking the statutory notice, had the defendant been held to be the owner, Holmes an original contractor, and the plaintiff a subcontractor.

There is no error.

In this opinion the other judges concurred.