EMIL SEIPOLD *vs.* NETTIE R. GIBBUD ET ALS.

Third Judicial District, Bridgeport, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued October 25th, 1929—decided January 6th, 1930.

*Albert M. Herrmann,* for the appellants (defendants).

*Charles A. Harrison,* with whom, on the brief, was *Milton G. Harrison,* for the appellee (plaintiff).

MALTBIE, J.   The defendant Slade owned a piece of land with an unfinished dwelling thereon.   He made a verbal contract for the sale of the premises to the defendant Mrs. Gibbud.   By the terms of the agreement she was to enter into possession of the land and buildings and complete the house and when it was completed the defendant Slade was to deliver title to her and to receive payment of the purchase price, $17,000.   Mrs. Gibbud did enter into possession and made a contract with the defendant Laden to complete the building, the contract containing no provision as to when the agreed price was to be paid. Laden engaged the plaintiff to do the plumbing and heating work and this was finished on November 24th, 1928.   He received only a small portion of the amount due him for his work.   Laden substantially completed his contract on December 14th, 1928.   He received some payments on account from Mrs. Gibbud, but there was still due him more than enough to pay the plaintiff's bill.   On that day the defendant Slade conveyed the premises to Mrs. Gibbud, receiving $5,000 in cash and a mortgage for the balance of the purchase price, $12,000.   On January 18th, 1929, the plaintiff gave Mrs. Gibbud notice in writing of his intention to claim a mechanic's lien and the next day filed a certificate of lien.   Mrs. Gibbud was the president and

practically the sole owner of the Wallingford Lumber Company and Laden was largely indebted to it for materials and supplies furnished in building the house for Mrs. Gibbud and for other jobs. She thereupon wrote off the indebtedness of Laden on the books of the company and charged it against herself, and she claims to set off the amount of this indebtedness against her indebtedness to him under the contract. The trial court has, however, found that the change in Laden's indebtedness from one due the company to one due to her was made without his knowledge or consent and gave judgment for the plaintiff.

Of course the assumption of Laden's indebtedness to the company by her and the crediting of its amount against the sum due him on the contract could constitute a discharge of her indebtedness to him only if it was done with his consent, expressed or implied. *Collins* v. *Richmond Stove Co.*, 63 Conn. 356, 360, 28 Atl. 534. Recognizing this, the appellants seek to have stricken out the court's findings that the acts of Mrs. Gibbud in changing Laden's indebtedness from one due the company to one due her were without his knowledge and consent and to substitute a finding to the effect that on or about December 15th, 1928, it was expressly agreed between them that she was to take over his indebtedness to the company and charge it against the amount due him on the contract. In support of the appellants' claim certain evidence is certified to us. There is lacking in it any direct evidence of such an agreement and it could be found only as an inference. It may be that, reading the printed testimony, a basis for such an inference could be found. But in considering the evidence certain circumstances which might much affect its interpretation and the deductions to be drawn from it obtrude themselves. It consists solely of the testimony given by Laden.

He was in a position where he might have a great personal interest in the final determination of this issue. That this, or some other consideration, was much in his mind is rather obvious from the nature of his guarded answers. Moreover, there is a complete lack of any evidence by Mrs. Gibbud or anyone representing her or the company as to any such agreement as that claimed. The trial court was in a much better position to weigh these considerations and to draw inferences from the testimony than are we and we cannot say that it was in error in refusing to make the correction which the appellants seek. This being so, the other corrections they ask in the finding are either immaterial or necessarily fail because inconsistent with the facts found.

We have held that where a purchaser of land enters into possession of it and builds in accordance with the terms of the contract of sale he has such an equitable interest in the land that a mechanic's lien might attach to the extent of that interest. *Hannan* v. *Handy,* 104 Conn. 653, 658, 134 Atl. 71. It is true that most of the cases in which we have applied this rule involve written contracts to purchase. But the statute of frauds does not make an oral contract for the sale of land void, but only unenforceable. *Fisk's Appeal,* 81 Conn. 433, 438, 71 Atl. 559; *Downer* v. *Chesebrough,* 36 Conn. 39, 45. When there have been sufficient acts of part performance, the contract is taken out of the statute and is just as valid and enforceable as though it had been written. 1 Pomeroy's Equity Jurisprudence (4th Ed.) § 103. There can be no question that the acts of Mrs. Gibbud in the present case in taking possession of the property and building upon it would take the contract before us out of the statute. *Bradley* v. *Loveday,* 98 Conn. 315, 119 Atl. 147; *Griffin* v. *Smith,* 101 Conn. 219, 125 Atl. 465;

*Burns* v. *Garey,* 101 Conn. 323, 125 Atl. 467; *Harmonie Club, Inc.* v. *Smirnow,* 106 Conn. 243, 137 Atl. 769. She therefore had just as much authority to subject the land to a mechanic's lien as though the contract had been written. *Biddle Concrete Co.* v. *Jacobs Realty Co.,* 90 W. Va. 760, 111 S. E. 843.

It is true that ordinarily a vendee may subject the land to a mechanic's lien only to the extent of his interest therein and that if a purchase price mortgage is by the terms of sale to be given back, such a mortgage takes precedence over the lien. *Weinstein* v. *Montowese Brick Co.,* 91 Conn. 165, 99 Atl. 488. Where, however, the terms of the contract of purchase contain a direction to the vendee to construct a building upon the premises, those who perform labor or furnish materials in order to enable the vendee to carry out that undertaking have a right of lien which will take precedence over even a purchase price mortgage. *Hillhouse* v. *Pratt,* 74 Conn. 113, 49 Atl. 905; *Henderson* v. *Connelly,* 123 Ill. 98, 14 N. E. 1; *Sunset Lumber Co.* v. *Batchelder,* 167 Cal. 512, 140 Pac. 35; *Bohn Mfg. Co.* v. *Kountze,* 30 Neb. 719, 46 N. W. 1123. It follows that the trial court was right in holding that the plaintiff's lien had precedence over the mortgage given back to the defendant Slade at the time he transferred the property to Mrs. Gibbud.

There is no error.

In this opinion the other judges concurred.