[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the plaintiff, Calabrese Construction, Inc., seeks to foreclose a mechanic's lien against the defendants, Costco Wholesale Corporation ("Costco") and C.W. Austin Road Associates Limited Partnership ("Austin"). Before the court is the defendant's motion for summary judgment, which presents the issue of whether or not a mechanic's lien may attach to a leasehold interest. A chronological summary of the factual and procedural history of this case follows.
On March 22, 1995, the plaintiff filed a second amended complaint which contains the following allegations concerning the commercial arrangements between the parties. The subject property is a piece of land owned by John and Loretta Calabrese ("the Calabreses"), which is located at 3600 East Main Street in Waterbury, Connecticut. On or about December 11, 1992, the Calabreses leased the subject property to Austin. Austin, thereafter, subleased a portion of the premises to Costco pursuant to a written agreement.
From November 11, 1992, until December 31, 1993, the plaintiff provided materials and labor in the construction of improvements to the property to the benefit of Costco. The plaintiff claims that $578,300 is owed and unpaid on the construction of the improvements to the subject property.
In order to secure this balance, the plaintiff filed a certificate of mechanic's lien, in writing, against Costco's interest in the subject property. It appears that no attempt has been made to attach the ownership interest of the Calabreses. The CT Page 4332-AAA certificate was, thereafter, recorded in the Waterbury land records.
On September 8, 1995, the defendant filed a motion for summary judgment accompanied by a memorandum of law and supporting affidavits. On March 25, 1996, the plaintiff filed an opposition accompanied by a memorandum of law and supporting affidavits. Oral argument was heard before this court, at short calendar on April 8, 1996.
The standard for considering a motion for summary judgment is well established. Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which entitle him to judgment as a matter of law. Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994); D.H.R. Construction Co.v. Donnelly, 180 Conn. 430, 434, 429 Conn. 908 (1980).
"[T]he mechanic's lien is a creature of statute . . ." H STorrington Associates v. Lutz Engineering Co., 185 Conn. 549,553, 441 A.2d 171 (1981). General Statutes § 49-33
establishes the right to place a mechanic's lien on real estate, and provides in pertinent part:
 (a) If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building . . . then the plot of land, is subject to the payment of the claim.
 (b) The claim is a lien on the land, building and appurtenances or lot or in the event that the materials were furnished or services were rendered in the site development or subdivision of any plot of land. . . .
(Emphasis added.)
The underlying purpose of this statute is to "award an interest in real property to workers who have contributed their labor, and to suppliers who have furnished material, for the CT Page 4332-BBB improvement of real property." (Emphasis added.) Red RoosterConstruction Co. v. River Associates, 224 Conn. 563, 573,620 A.2d 118 (1993). "The purpose of the mechanic's lien is to give one who furnishes materials or services `the security of the building and land for the payment of his claim by making such a claim a lien thereon. . . . .'" (Citations omitted.) H STorrington Associates v. Lutz Engineering Co., supra, 185 Conn. 553.
"`[T]he principles that guide our interpretation of mechanic's lien legislation are well settled. Although this legislation creates a statutory lien in derogation of the common law . . . its remedial purpose to furnish security for a contractor's labor and materials requires a generous construction. . . . Generosity of spirit does not, however, permit departure from reasonable compliance with the specific provisions of the statute.'" (Citations omitted.) J.C. PenneyProperties, Inc. v. Peter M. Santella Co., 210 Conn. 511, 514,555 A.2d 990 (1989).
Two categories of persons are entitled to liens against real property which they have improved:
 Those who provide services or materials in connection with the construction of a building are entitled to claim a lien on the land that they have improved if they fall into one of two categories. Lienors are protected if they fall into one of two categories. Lienors are protected if they have a claim either (1) by virtue of an agreement with or the consent of the owner of the land, or (2) by the consent of the person having authority from or rightfully acting for such owner in procuring labor or materials.
Centerbrook, Architects Planners v. Laurel NursingServices, Inc., 224 Conn. 580, 583, 620 A.2d 127 (1993).
In support of its motion for summary judgment, the defendant advances two arguments: (1) that a mechanic's lien may not attach to a leasehold interest as a matter of law; and (2) that even if a leasehold interest may be the subject of a mechanic's lien, the plaintiff has failed to provide the defendant with a notice of intent to lien as required by General Statutes § 49-35[1]. As to the former, the defendant contends that the lien in question was filed solely against the leasehold interest of the CT Page 4332-CCC defendant, and not against the property itself.
In opposition, the plaintiff contends that the lien validly attached to the subject property by virtue of the consent of its owners, John and Loretta Calabrese. While this may be a valid argument under appropriate circumstances, it is, nevertheless, unpersuasive given the facts of the present case. This argument ignores the fact that the lien in question seeks to attach the interest of the defendant, a leasehold, rather than the ownership interest of the Calabreses. Thus, whether or not the Calabreses have consented to the attachment of this lien is wholly irrelevant, and the issue before this court is simply whether or not a mechanic's lien may attach to a leasehold interest.
The Superior Court has twice before ruled on this issue, and in each instance has held that a mechanic's lien may not attach to an intangible leasehold interest.
In Ebenstein Ebenstein v. Smith Thibault Corp., et al,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 345552 (September 26, 1988) (O'Neill, J., 14 CLT 38), the plaintiff brought suit to discharge two separate mechanic's liens which had been filed against its leasehold interest in a downtown Hartford office building. The court granted the plaintiff's motion, holding that a mechanic's lien may not attach to a leasehold interest. Id. In reaching this conclusion, Judge O'Neill reasoned that the application of §49-33 is limited to owners of real property, and that a lessee cannot qualify as such because he holds neither legal nor equitable title. Id.
Likewise, in Stodolink v. Arney, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 2779133 Conn. L. Rptr. 422 (April 5, 1991) (Katz, J.) (6 CSCR 473), a subcontractor filed a mechanic's lien against both a landlord and his tenant for sums owed by the tenant for improvements made to the property. The plaintiff/landlord, thereafter, brought suit seeking the discharge of the lien. The court first concluded that there was insufficient cause to maintain the lien against plaintiff, noting that he had neither consented nor agreed to the improvements to his land. Id. The court then went on to address whether or not a mechanic's lien could attach the equitable interest of the owner of a leasehold. After an extensive discussion of the doctrine of equitable conversion, the court concluded that "[a] leasehold interest, although lienable and executory, has not been CT Page 4332-DDD successfully relied upon to sustain a mechanic's lien under the doctrine of equitable conversion." Id.
The undisputed facts before the court indicate that the lien in question was filed solely against the leasehold interest of the defendant, and that no attempt has been made to attach the ownership interest of the Calabreses. In accordance withEbenstein Ebenstein and Stodolink, such a lien may not attach to a leasehold interest as a matter of law. Therefore, there are no genuine issues of material fact, and the defendant is entitled to judgment as a matter of law. Accordingly, summary judgment should enter for the defendant in this matter.