HASKELL and another *against* BISSELL and others.

A creditor secured by a mortgage deed, executed by the debtor, in his life-time, but recorded after his death, is entitled to hold his security against all other creditors, who have acquired no specific lien on the property.

THIS was a bill to foreclose the equity of redemption in certain lands, mortgaged, by *Aaron Bissell*, deceased, to the plaintiffs, to secure the payment of a promissory note for 12,443 dollars. The bill, after stating the execution and delivery of the mortgage deed, on the day of its date, averred, that it was afterwards recorded.

The widow and heirs of *Bissell* and his administrators were cited in as defendants. In their answer, they averred, that the mortgage deed was executed on the 3rd of *January*, 1831; that *Bissell* died on the 20th of *October*, 1834; that *Edgar Bissell* and *Increase Clapp*, two of the defendants, were appointed administrators of his estate; that his estate was represented, and was in fact, insolvent, the debts allowed by the commissioners exceeding in the whole 30,000 dollars, all of which, with the exception of about 1000 dollars, were contracted prior to the execution of said mortgage deed, while the estate inventoried did not exceed 28,000 dollars; and that said deed was not put on record, during the life-time of the mortgagor, and was wholly unknown to his creditors.

The plaintiffs demurred to this answer; and thereupon the case was reserved for the advice of this court.

*Hungerford*, in support of the demurrer, contended, That the plaintiffs, by omitting to put their mortgage deed on record, before the death of the mortgagor, did not thereby lose their security. In support of this position, he remarked, in the first place, that there was no allegation of any fraud being practised by the plaintiffs. They did not intend to deceive *Bissell's* creditors; and those creditors were not deceived.

Secondly, the object of the statute requiring deeds to be recorded, was to give notice, so that any person wishing to become a purchaser, might, by inspection, have the means of knowing whether he can do it safely or not.

Thirdly, this being the object of the statute, it has never received a literal construction, but such an one merely as was

calculated to effect that object.　*Dudley* v. *Sumner*, 5 *Mass. Rep.* 470.　*Marshall* v. *Fisk*, 6 *Mass. Rep.* 30.　*Priest* v. *Rice*, 1 *Pick.* 164.　*Carter* v. *Champion*, 8 *Conn. Rep.* 549.

Fourthly, the recording of the deed, or notice of its existence, would be useless to a creditor of the mortgagor, who became such prior to the time the mortgage was given.　Such was the condition of nearly all *Bissell's* creditors.

Fifthly, a creditor becoming such after the mortgage, and himself taking no mortgage or other collateral security upon the land, acquires no lien upon it, but relies upon the personal security of the debtor.

Sixthly, the deed, when recorded, has relation back to the delivery.

*W. W. Ellsworth*, contra, contended, 1. That at the death of *Bissell*, the estate, as to *creditors*, was *unconveyed*.　The deed not being recorded, it was, by the express terms of the statute, void ; and he died the owner of the estate.

2. That the administrator was bound to inventory this estate accordingly.　It will not be questioned, that where the estate of a deceased person has been fraudulently conveyed, and is needed for the payment of debts, the administrator is bound to inventory it ; and not only may, but must, as the representative of the creditors, reclaim it, and appropriate it to the creditors.　In *Minor* v. *Mead*, 3 *Conn. Rep.* 291., it was held, that he was such a representative ; and he was sued and made liable for not inventorying and appropriating to the creditors such estate.　See also *Booth* v. *Patrick*, 8 *Conn. Rep.* 106. On the same principle, in *Swift* v. *Thompson*, 9 *Conn. Rep.* 64., the assignee under the statute of assignment, was treated as either a creditor in his representative capacity, or as a purchaser for the creditors.

3. That the lien on the estate is derived from the operation of the law *at the time of the owner's death.*

4. That if the deed in this case was inoperative at *Bissell's* death, the estate at that time became virtually *sequestered* for the creditors : from that moment, no one of them could do any act to gain a priority.

5. That there are no special circumstances, which will, in equity or in law, except this case from the statute making the deed inoperative.

*Hartford,*
*June, 1826.*

Haskell
*v.*
Bissell.

WAITE, J.    The question presented in this case, for the advice of the court, is, whether the facts stated in the answer of the defendants, are sufficient to prevent a decree of foreclosure against them.

It is not claimed, that the plaintiffs are entitled to a decree against the *heirs* of the mortgagor ; because, by the terms of the statute relating to the recording of deeds, a deed not recorded is good against the grantor and his heirs.

But it is claimed, on the part of the *administrators*, that the plaintiffs, by omitting to record their deed in the life-time of the mortgagor, lost their priority as against the other creditors.    It is not alleged, that this omission was the result of any fraud on the part of the plaintiffs, or that it was done with any design to enable the mortgagor to deceive his other creditors.

In this state, a grantee or mortgagee, by omitting to record his deed, does not thereby lose the estate conveyed to him, unless some other person acquires some interest in, or lien upon the property, without knowledge of the prior conveyance.    As soon as the deed is recorded, it becomes effectual against any subsequent conveyance or attachment.

That such is the law, when the deed is recorded in the life-time of the grantor, is well settled.    Is there any difference between the effect of a deed recorded in the life-time of the grantor, and one executed in his life-time and recorded afterwards, as it regards those creditors who have acquired no specific lien upon the property ?    We can discover no sufficient reason for any such distinction.

A creditor, merely as such, has no specific lien upon his debtor's property.    He may indeed levy an attachment or execution upon it, in the debtor's life-time ;—and it may afterwards be sold for the payment of his debts.    But the administrator or executor has no power over property, which the person whom he represents did not own, at the time of his decease.

In this case, *Aaron Bissell*, the mortgagor, conveyed to the plaintiffs a title, which was valid against him and his heirs, although the deed remained unrecorded.    He died the owner only of the equity of redemption.    This, the administrators may obtain authority to sell, if needed for the payment of debts. Not so, with the interest conveyed to the plaintiffs.    Had the administrators sold it, before the plaintiffs' deed had been recorded, the title of the purchaser, provided he had no know-

ledge of the conveyance to the plaintiffs, would have prevailed. But the plaintiffs' deed has been recorded, and their legal title perfected. The administrators can now make no conveyance which will impair the plaintiffs' title.

The superior court must, therefore, be advised, that the answer of the defendants is insufficient.

BISSELL, CHURCH and HUNTINGTON, Js. concurred.

WILLIAMS, Ch. J., expressed no opinion, being related to one of the creditors of *Bissell.*

Demurrer sustained.