## JACOB WEINSTEIN *vs.* THE MONTOWESE BRICK COMPANY.

Third Judicial District, Bridgeport, October Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An architect and surveyor, employed by a prospective purchaser of real estate before he had acquired any known or definite equitable interest therein, obviously cannot subject such vague, doubtful interest to a mechanic's lien; nor will such lien take priority over a first mortgage which the purchaser, apparently in pursuance of their previous oral agreement, gives back to the vendor immediately upon obtaining from him a warranty deed of the property. Under such circumstances the first mortgage takes precedence, whether held by the vendor or by one who, through assignment, stands in his shoes.

In the present case the defendant brick company offered certain parol evidence tending to trace back its title to the first mortgage, which, upon foreclosure proceedings, was redeemed by one of the subsequent incumbrancers and the title thus acquired was then quitclaimed, pursuant to prior agreement, to the brick company. The plaintiff lienor did not object upon the ground that this was not the best evidence of the redemption of the premises, but that it was immaterial and irrelevant. *Held* that under the pleadings the evidence for this purpose was material and properly admitted.

*It seems* that a defendant who intends to rely upon our statute of *lis pendens* (§ 863) relating to the priority of incumbrances, should plead it.

Argued October 24th—decided December 19th, 1916.

SUIT to foreclose a mechanic's lien on three separate pieces of land, brought to and tried by the City Court of New Haven, *Hall, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

The controversy in this court is between the plaintiff and the defendant Montowese Brick Company, only. The complaint alleges that the Montowese Brick Company is the owner of the land and buildings

in question; that the plaintiff rendered services in the construction of buildings on the land while it was owned by one Ruderman; that the services, which were rendered at Ruderman's request, began on March 4th, 1914, and ended on February 4th, 1915; that on March 24th, 1915, the plaintiff filed his certificates of liens; and that several hundred dollars is due the plaintiff, who claims a foreclosure and possession of the premises. The answer denies all the material allegations of the complaint except those relating to the defendant's title to and possession of the premises.

*David S. Rivkin*, with whom was *Harry L. Edlin*, for the appellant (plaintiff).

*William J. McKenna*, with whom was *Samuel Alpert*, for the appellee (defendant).

BEACH, J. In our opinion the first mortgage, under which the defendant claims title, is entitled to priority over the plaintiff's liens, and as this conclusion is decisive of the case, we deem it unnecessary to discuss any of the other questions raised by the plaintiff's appeal.

Ruderman, at whose request the plaintiff rendered services as a supervising architect and surveyor, first acquired title to the premises on April 1st, 1914, by warranty deed from Cohen, and on the same day gave back to Cohen a first mortgage, afterward assigned by Cohen to one Price. The Montowese Brick Company, as appears from findings not excepted to, takes its title from one Hoffman, who redeemed the premises in a foreclosure suit instituted by Price on March 8th, 1915, to foreclose the first mortgage above referred to. The defendant Montowese Brick Company, therefore, stands in the shoes of the first mortgagee, Cohen. It follows from the fact that the Cohen mortgage was

executed contemporaneously with the warranty deed by which Ruderman first acquired legal title to the premises, that the plaintiff's lien, which on the allegations of his complaint rests solely on his employment by Ruderman, cannot attach to that interest in the premises to which Cohen, as vendor, was entitled under the agreement for the sale of the premises to Ruderman; and consequently, the plaintiff has no right to foreclose that interest in the hands of the Montowese Brick Company.

The plaintiff claims that his lien relates back to sometime early in March, 1914, because Ruderman was then in possession of the premises under an oral agreement for their purchase from Cohen, and he refers us to a line of cases, of which *Inter-State Building & Loan Asso. v. Ayers*, 71 Ill. App. 529, is a good example, holding that one who has a contract for the purchase of land may subject his equitable interest to a mechanic's lien, and upon his acquiring legal title during the continuance of the work the lien will attach to the entire title so vested in him. This rule, however, is not applicable to the present case. We have no knowledge of the terms of the oral contract of purchase between Cohen and Ruderman, and consequently no information as to the exact character of Ruderman's equitable interest in the land prior to April 1st, 1914, except that we are bound to infer from the transaction which then took place that Ruderman had agreed to give back to Cohen a first mortgage on the entire premises. The plaintiff is now attempting to subject to his lien not the equitable interest of Ruderman as a prospective purchaser in possession, but the interest—that of first mortgagee—which was by the terms of Ruderman's agreement of purchase to be given back to the vendor. This, of course, cannot be done in the absence of any allegation that the plaintiff rendered any service to or

at the request of Cohen in the construction of the buildings in question.

The evidence as to the Montowese Brick Company's title was admissible under the pleadings. The complaint itself alleged that the brick company was the owner of the premises. The complaint also, by necessary intendment, alleged that the brick company took the premises subject to the plaintiff's lien for services rendered while the land was owned by Ruderman. That was an issue of fact or law which the plaintiff was bound to maintain, and which the defendant might controvert by any competent evidence under the denials contained in its answer. It seems to have been stipulated that the Montowese Brick Company took title to the premises by a quitclaim deed from one Hoffman, and it was proved by parol that Hoffman, in pursuance of an agreement with the brick company, redeemed the premises in the course of the proceedings brought to foreclose the Cohen mortgage and then quitclaimed them to the brick company. This evidence was objected to as immaterial and irrelevant, but it was evidently neither immaterial nor irrelevant, for it traced the brick company's title back to the Cohen mortgage. It was not the best evidence of the redemption of the premises by Hoffman, but the plaintiff did not object to it on that ground, and the objection as pursued on the brief does not relate at all to its admission as proof of one step in the brick company's admitted title to the premises, but to the claim that the court erred in admitting evidence, under the denials of the answer, to show that a *lis pendens* was filed in the suit to foreclose the Cohen mortgage, and in holding that the plaintiff, irrespective of the alleged priority of his liens in point of time, was by force of § 863 of the General Statutes, to be deemed to be a subsequent incumbrancer because his certificates of lien were re-

corded after the recording of the *lis pendens*, and because he failed to intervene in the foreclosure suit *pro interesse suo*.

We think the defendant ought to have pleaded the statute, if it intended to rely on it; but in view of the conclusions reached it is unnecessary to discuss that question, or the construction of the statute, or the question whether an architect's lien, assuming that he has one, relates back to the beginning of work on the plans and specifications for the proposed buildings.

We hold that the evidence tracing the defendant's title back to the Cohen mortgage was admissible for that purpose under the pleadings, and that the plaintiff has no right to a foreclosure as against the Montowese Brick Company, which stands in the shoes of the first mortgagee.

There is no error.

In this opinion the other judges concurred.