## BRIDGEPORT PEOPLE'S SAVINGS BANK *vs.* JOSEPH PALAIA ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued May 12th—decided July 19th, 1932.

*Frank L. Wilder,* with whom, on the brief, was *Henry E. Shannon,* for the appellant (defendant Luther W. Brown).

*Sidney A. Johnson,* for the appellant (defendant Seeley & Jones, Inc.).

*W. Parker Seeley,* for the appellee (plaintiff).

*Harry B. Dinerstein,* with whom, on the brief, were *Joseph G. Shapiro, Harry Allison Goldstein* and *Charles S. Brody,* for the appellee (defendant William Landsman), and *Samuel Engleman,* on the brief, for the appellee (defendant Samuel Greenbaum).

HAINES, J. The plaintiff claimed to have a first mortgage on certain property in Bridgeport for $2500 given September 15th, 1930, by defendant Palaia. Prior to July, 1930, the land was owned by the defendants Landsman and Greenbaum, who had orally agreed with Palaia to sell it to him for $750 and accept a purchase money mortgage for that amount, Palaia to receive his title deed only after he had arranged with some bank for a building-construction instalment mortgage, and as part of the same transaction to exe-

cute both that and the purchase money mortgage, the latter subject to the former. At the time this agreement was made, Palaia received the oral permission of Landsman and Greenbaum to commence work at any time upon the erection of a house on the property. He applied to the plaintiff September 3d for the construction mortgage and the same day an appraisal committee inspected the property and saw that some building operations had been commenced, and the president of the plaintiff had personal knowledge of this fact the same day. All parties met at the office of the plaintiff September 15th and the search of title showing the property to be free and clear of incumbrances, Palaia received a warranty deed from Landsman and Greenbaum, executed and delivered the construction mortgage to the plaintiff and a second and purchase money mortgage to Landsman and Greenbaum. All the parties knew that some work was under way on the property, but neither the plaintiff nor Landsman or Greenbaum knew that anyone intended to claim a lien because thereof. The deeds were all recorded September 18th. At the date of judgment there was due the plaintiff on this mortgage $1845.21 for which judgment was rendered.

About August 26th, the defendant Seeley & Jones, Inc., upon the order of Palaia had delivered to the property some pipe and small plumbing parts of the value of $12.76, which had been installed beneath the ground to connect with the water main, but this was not observable by the appraisal committee when visiting the premises September 3d. Another delivery was made September 15th and deliveries ceased December 15th when the claim therefor amounted to $547.80. They gave written notice to Palaia January 16th following, of an intention to claim a lien, but gave no notice to Landsman or Greenbaum, and the lien was

filed January 21st, 1931. By an error, the date of commencing to furnish materials was stated in the notice and in the lien itself to be September 15th instead of August 26th.

Upon the order of Palaia, the defendant Brown commenced to furnish dirt to be used on the property, September 13th, and on September 15th, when the deeds were passed, the amount due him therefor was $45, and he ceased to furnish December 26th when the amount due him was $187.89. He gave no notice to Landsman or Greenbaum of his intention to claim a lien but filed it on January 21st, 1931, claiming $229.25.

The appellants, Brown and Seeley & Jones, Inc., contended that their mechanics' liens had priority over both mortgages, and that they also had priority over other liens which were filed against the property for the reason that all other lienors had waived their liens in favor of the plaintiff's mortgage. Upon the trial, all lienors were defaulted save the appellants and The Fairfield Mason Supply Company. The appellants say that, having had actual knowledge of the beginning of work on the property before the warranty deed was given to Palaia, Landsman and Greenbaum are estopped to assert precedence for the purchase money mortgage over the appellants' liens.

The trial court held that although Landsman and Greenbaum had consented that Palaia might proceed with the work before the warranty deed was given, the latter did not acquire such an equitable interest in the property as enabled him to create a lien affecting the title, and that the instantaneous seizin of Palaia between the delivery of the warranty deed and that of the mortgage deeds afforded no opportunity for the attaching of liens upon the property, and that that consent did not empower Palaia to create a lien before

the title had vested in him. The priorities were determined to be in the following order: (1) The plaintiff's mortgage, (2) The purchase money mortgage, (3) The liens of The Fairfield Mason Supply Company, Seeley & Jones, Inc., and Luther W. Brown, and (4) all other incumbrances.

At the time these appellants began to furnish materials, the title to the property stood in the name of Landsman and Greenbaum and the land records were notice to these lienors to that effect. The finding does not show that the appellants knew Palaia had any agreement for a deed, and it is clear that from the beginning, they furnished the materials on the credit of Palaia. The only right which Palaia had to create a lien upon the land before receiving his deed, must be found if at all, in the agreement between him and Landsman and Greenbaum. The finding does not show that Palaia at any time agreed with Landsman and Greenbaum to build upon the property. If such an agreement had been part of the contract he made with them Palaia would undoubtedly have acquired under the agreement, such an equitable interest in the property before receiving his deed, as would have enabled him to create a lien thereon in the erection of the house, but their mere agreement to sell him the land did not give him such an equitable estate that he could create a lien affecting their title, and this is so even though the materials were furnished with their consent. *Hillhouse* v. *Pratt*, 74 Conn. 113, 117, 49 Atl. 905; *McGinniss* v. *Purrington*, 43 Conn. 143, 147; *Middletown Savings Bank* v. *Fellowes*, 42 Conn. 36, 51.

The extent of the equitable interest acquired by Palaia under the agreement with Landsman and Greenbaum is to be determined by the intent of the parties to that agreement. Merely contracting for a

title deed and the imposition of the two mortgages as part of the same transaction without granting Palaia specific or implied authority to encumber the land by a lien before that time, cannot be said to create such an equitable estate in him that liens could attach before he acquired the title. *Hillhouse* v. *Pratt, supra,* p. 118; *McGinniss* v. *Purrington, supra,* p. 147.

An equitable interest which would have supported these liens would have existed if a part of the contract between Palaia and the owners had been that Palaia should take immediate possession of the property and proceed with the work of construction. The liens would then have attached to the extent of his interest. Contracts of that nature were involved in the following cases: *Seipold* v. *Gibbud,* 110 Conn. 392, 395, 148 Atl. 328; *Hannan* v. *Handy,* 104 Conn. 653, 658, 134 Atl. 71; *Hillhouse* v. *Pratt,* 74 Conn. 113, 117, 49 Atl. 905. It cannot be said that the mere consent to start work constituted an implied contract that he should build thereon or that by beginning work he could create liens on the vendors' land. Mechanics' liens, under our statute, arise where the work is done by authority of the landowner himself, "or of some person having authority from or rightfully acting for such owner in procuring such labor or materials." General Statutes, § 5105. Illustrative cases are *Weinstein* v. *Montowese Brick Co.,* 91 Conn. 165, 99 Atl. 488; *Middletown Savings Bank* v. *Fellowes,* 42 Conn. 36; and *Drazen Lumber Co.* v. *Jente,* 113 Conn. 344, 155 Atl. 505. It was clearly the intention on the part of both the vendors and Palaia that upon receiving his deed, Palaia should give the plaintiff a clear first mortgage, and give the vendors a second mortgage taking full precedence of everything except the plaintiff's mortgage; and the finding of facts does not permit the conclusion that either party intended that he

should have the right to subordinate either mortgage to liens he might create before obtaining title.

The appellants suggest that the rights of the lienors should be the same where the materials were furnished after the vendee was given permission to build, as where he and the vendor had contracted that he should build, before receiving title, and they ask how the materialman is to know whether the contract actually stipulates for the building or the vendor has merely consented to it.

One who renders services or furnishes materials in the erection of a building on land which stands of record in the name of one, other than the person who procures the work to be done, is put upon notice, and if he fails to ascertain what rights the procuring party has in the land, he proceeds at his own risk so far as any claim for the payment of his bill out of the land is concerned.

The appellant Brown makes the further contention that his lien should take precedence of the lien of The Fairfield Mason Supply Company, for the reason that the latter was one of the lienors who waived their liens to permit the plaintiff's mortgage to have precedence, citing General Statutes, § 5105.

That statute provides that where there are two or more liens in connection with the same construction, no one shall have priority over another, save where a valid encumbrance is filed, other than a mechanic's lien, while the work is going on, in which event, all mechanics' liens originating before the encumbrance shall take precedence of it and of any mechanics' liens originating after the encumbrance, but if any such lienor shall waive or release his lien or claim of precedence to the encumbrance, then it shall be classed with and have no priority over liens originating after the encumbrance. Holding as we do that the lien of

this appellant did not originate before the mortgages were imposed, it follows, under the provisions of the statute, that his lien has no precedence over the Fairfield Company lien, but is classed with it.

To create an estoppel in pais against these mortgagees which the appellants now contend for, it was necessary to prove some concealment or misrepresentation, some act or declaration upon which they properly relied and by which they were induced to act differently from what they would otherwise have acted. *Kinney* v. *Farnsworth*, 17 Conn. 355, 360; *Hillhouse* v. *Duca*, 101 Conn. 92, 108, 125 Atl. 367; *Kurtz* v. *Farrington*, 104 Conn. 257, 270, 132 Atl. 540; *Siller* v. *Philip*, 107 Conn. 612, 620, 141 Atl. 872; *Hydro-Centrifugals, Inc.* v. *Crawford Co.*, 110 Conn. 49, 54, 147 Atl. 31. This record discloses no facts of that character. It does not appear that these appellants knew or had reason to suppose that Palaia in procuring these materials was acting by the direction or with the knowledge or consent of these mortgagees, and so far as appears, nothing which the latter did or failed to do, induced the appellants to furnish the materials for which they are now claiming prior liens.

There is no error.

In this opinion the other judges concurred.