HYMAN GRUSS *v.* MIKOLAS MISKINIS ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 4—decided July 22—reargued November 2, 1943.

*Margaret Sigsway*, with whom was *Sidney Vogel*, for the appellants (defendants).

*John Keogh, Jr.*, with whom, on the brief, were *Gerald R. Steinberg* and *William O. Keene*, for the appellee (defendant Mary Bajusz).

ELLS, J. The question is as to priority of lien. The plaintiff claimed under a mechanic's lien and the defendant Mary Bajusz as mortgagee of the premises.

The defendant Miskinis purchased four building lots from the defendant Bajusz on July 24, 1941, received a warranty deed, and executed and delivered a mortgage deed and note for the entire purchase price. Miskinis did not record the warranty deed until October 2, and the mortgage deed was not recorded until November 3. In September Miskinis began the construction of a house upon the premises, and on the 29th day of that month the plaintiff commenced to furnish materials at the request of Miskinis, who represented that he was the owner of the premises and had paid for them. The plaintiff made his last delivery on October 28. He did not consult the land records. He did not know of the mortgage until informed by his attorney on November 3 that it had been recorded on that day. Miskinis left for parts unknown, leaving the house unfinished. The plaintiff filed a mechanic's lien and brought this action to foreclose it, claiming priority

over the mortgage. The defendant Bajusz filed a cross-complaint for the foreclosure of the mortgage, claiming that it had priority over the mechanic's lien. Judgment was rendered establishing the priority of the mortgage, and this appeal was taken.

If the warranty and mortgage deeds had been recorded before the plaintiff commenced to furnish materials, the mortgage would have had priority over the mechanic's lien. General Statutes, § 5105. This statute provides for a mechanic's lien under certain prescribed conditions and then states: "Such claim shall be a lien on such land, building and appurtenances and shall take precedence of any other incumbrance originating after . . . the furnishing of any such materials." The statute further provides that: "If any instrument constituting a valid incumbrance upon such land other than a mechanic's lien shall be filed for record while such building is being constructed, raised, removed or repaired, all such mechanic's liens originating prior to the filing of such incumbrance for record shall take precedence over such incumbrance and no such lien shall have priority over any other such lien, but such incumbrance and all such liens shall take precedence over any mechanic's lien which shall originate for materials furnished or services rendered after the filing of such instrument for record, but no one of such liens originating after the filing of such instrument for record shall have precedence over another." The defendant Bajusz contends that these two provisions are conflicting; that only the first applies to this case; that the second provision "which seems to emphasize the time of filing for record is meant to apply only to those incumbrances which can take their legal existence solely from being recorded"; that this mortgage "originated" once it was executed and delivered. The language and intent of the second

provision of the statute are clear and unambiguous.
They make the criterion of priority over a mechanic's
lien the recording of the incumbrance. The house was
"being constructed" at the time the mortgage was filed
for record, and therefore the statute is applicable. A
mechanic's lien is a creature of the statutes and they
control it very strictly. Apparently the legislature, in
a case within the statute, saw fit to make the record-
ing of the incumbrance the controlling consideration.
To say that in such a case actual or imputed knowl-
edge of an unrecorded incumbrance will give it the
same precedence as though it were recorded reads an
exception into the clear language of the statute which
is not there. The legislature has expressed an intent
to free the lienor of the duty to inquire as to any un-
recorded outstanding incumbrance. Both court and
counsel apparently overlooked the fact that the second
provision of the statute was not enacted until 1925;
Public Acts, 1925, Chap. 130; and that, therefore, cer-
tain cited cases decided prior thereto are inapplicable.

In *Bridgeport People's Savings Bank* v. *Palaia*, 115
Conn. 357, 161 Atl. 526, we held that a mere contract
by the owner of land to give a deed of it, without
granting the vendee specific or implied authority to
incumber the land before title passes, cannot be said
to create such an equitable estate in the vendee that
liens could attach before he acquired the title; but we
said (p. 362) that if the contract had been that the
proposed buyer should take immediate possession of
the property and proceed with the work of construc-
tion the liens would then have attached to the extent
of the buyer's interest. In the instant case the buyer
had a deed of the land; he was in possession and
control under the deed; and Mrs. Bajusz knew that he
intended to proceed at once with the work of con-
struction. Furthermore, § 5105 provides for a claim

"by virtue of an agreement with or by consent of the owner of the land." Even though the deed was not recorded, Miskinis owned the land; his title was complete when the deed was executed and delivered; 1 Swift, Digest, p. 124; *Haskell* v. *Bissell,* 11 Conn. 174, 176; recording affects rights only as regards others than the grantor or their heirs. General Statutes, § 5010. The provision inserted in the statute in 1925, referred to above, gave the plaintiff's lien priority over the unrecorded mortgage.

The defendant Bajusz further claims that she has a vendor's lien, because her mortgage is a purchase money mortgage, and that this lien is prior to the mechanic's lien because the latter lienor is not a purchaser for value. There is a sharp difference between the priority which may be claimed for a purchase money mortgage and a vendor's lien. The lien does not depend upon the mortgage. A vendor who takes a mortgage on the land sold to secure the purchase money waives his implied lien, in the absence of an express agreement that it shall be retained. *Avery* v. *Clark,* 87 Cal. 619, 25 Pac. 919; *Escher* v. *Simmons,* 54 Iowa 269, 6 N. W. 274; *Robbins* v. *Masteller,* 147 Ind. 122, 46 N. E. 330; 66 C. J. 1269, § 1173; 27 R. C. L. 578; see also *Soule* v. *Hurlbut,* 58 Conn. 511, 522, 20 Atl. 610. In view of the decision we have reached as to the meaning of the statute, § 5105, recording would be as definitely the test as regards a purchase money mortgage as any other.

In the action which the plaintiff brought to foreclose his lien he made two other mechanic's lienors and an attaching creditor defendants. The court found that the plaintiff and The Norwalk Coal and Supply Company were in the same class, as mechanic's lienors, and fixed the amounts due them. The three lienors took this appeal; for convenience we have re-

ferred to the plaintiff only, but what we have said applies equally to the Norwalk Coal Company. The court found that the defendant Holmberg did not establish the amount of his lien. The attaching creditor D'Avino did not appeal. The court found that his attachment was not recorded until December 2, 1941. As Holmberg and D'Avino would be the only ones affected should the mortgage be found too uncertain to be valid, there is no need to consider that question. The parties have all had their day in court and their claims have been adjudicated. We, therefore, find no good reason for a new trial.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the amounts already fixed, with proper allowance for interest, on the basis that the liens of the plaintiff and The Norwalk Coal and Supply Company are of the same class and have priority over the mortgage, that the defendant Holmberg has failed to establish the validity of his lien and is not entitled to a day of redemption, and that D'Avino's attachment is subsequent to the liens and mortgage.

In this opinion the other judges concurred.