[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action seeks to foreclose a mechanics lien on certain property located on Town Street in the Town of East Haddam as of record appears. The plaintiff claims a mechanics' lien based upon its having done engineering, surveying and related studies for the subdivision of the subject parcel of land and related work as the record appears.
The subject property has been foreclosed by the defendant, Glastonbury Bank Trust Co., hereinafter referred to as Bank, which holds record title to the subject premises at the present time by virtue of a foreclosure. The Bank took the property subject to the existing mechanics lien and now challenges its validity in the present action attempting to avoid the effect of the lien.
The property is a parcel comprising of approximately 55 acres and was previously owned by Library Associates, Inc. a.k.a. Community Builders of which firm Richard Drudi was the president and principal, this party, hereinafter being referred to as Drudi. At some time prior to December 17, 1986 the plaintiff undertook to survey and engineer and do similar work with respect to this property at the request of Drudi. Said work was completed and was paid for by Drudi. Thereafter the plaintiff was contacted by Drudi who advised that he had an agreement that was being negotiated for the sale of the subject property to Lewis Associates I, a partnership comprised of Norman Voog, Victor CT Page 10051 Buselli and Walter Lewis. The plaintiff was requested by Drudi to cooperate with Lewis Associates I with respect to the engineering that had been prepared and for the preparation of the future subdivision property. Thereafter the plaintiff was contacted by Barbara Bluman of the Merrill Lynch Realty who the agent representing Drudi in the sale of the subject premises. Bluman requested that a proposal be put together for Lewis Associates I and be forwarded to Walter Lewis through her.
On or about December 17, 1986, the plaintiff forwarded a proposal addressed to Walter Lewis to Drudi's agent Bluman with respect to the subject property. The plaintiff had discussed with Drudi the use of the material of his work product previously performed for Drudi in the proposal for Lewis Associates I and Drudi acquiesced and encouraged the plaintiff to use said previously performed work. The December 17, 1986 proposal calls for the surveying and engineering and related work necessary to develop the subject property, subdivide and obtain all necessary zoning and related approval.
Lewis Associates I, the ultimate purchaser was aware of the availability of the survey work performed by the plaintiff for Drudi and the property was being offered, proposed and listed for sale to Lewis Associates I, together with the available survey work that had been done. Thereafter, the plaintiff's proposal was accepted by Lewis on 2/7/89 and a $10,000 retainer from Lewis Associates I was paid and the plaintiff commenced to perform services under the proposal, of February 17, 1986. The court finds from the testimony that Lewis Associates I would not have bought the property had it not been confident of the ability of the property to be subdivided and to obtain the necessary permits and that the plaintiff's work was a significant factor in the confidence of Lewis Associates I that it would be able to attain this ultimate goal.
The party and participants contracting for the subject work on behalf of Lewis Associates I were identified during the testimony and the exhibits as agents of Lewis Associates I.
The plaintiff undertook the project and completed the work necessary to the attainment of the ultimate CT Page 10052 goal of subdivision approval. The plaintiff worked continuously under the subject contract in connection with this property from February 17, 1986 through and including September 12, 1989. Although the date of last invoice is July 27, 1989, it is apparent from the evidence that the last items of work done were charges for work done on July 10, 1989, and September 12, 1989. The lien was recorded within the statutory period.
Final results of the plaintiff's work was a preparation of the prints which were admitted into evidence as exhibit's E at the trial and an approval of the subdivision by the local zoning authority.
On January 27, 1988 the Library conveyed the subject premises to Lewis Associates I by its warranty deed duly recorded on January 29, 1988. On the same day a mortgage was executed by Lewis Associates I in favor of the Glastonbury Bank and was recorded just after the warranty deed. The court concludes from the evidence produced from the bank's record and its employee that the bank was aware of the progress of the subdivision proposal and gave it a favorable endorsement and had gone to the extent of reviewing its status with local zoning officials for compliance and felt that the chances for its approval were such that this was an integral part of their loan approval process. It is apparent from the existence of this action and the lack of any evidence to the contrary that the bank failed to obtain lien waivers from any architect or engineering firm which it was on constructive if not actual notice that some firm had done work prior to their granting of the mortgage.
As a result of all of the evidence produced the court concludes that there is due and owing to the plaintiff the sum of $26,418.78. Upon default of payment the plaintiff executed their mechanic's lien on September 19, 1989 which was recorded in the East Haddam Land Records on October 2, 1989 in Vol. 277, page 16. Said lien was properly recorded and served within 90 days of the completion of services under the original proposal. This action was commenced and a lis pendens recorded within one year of the recording of the lien.
This court concludes that the plaintiff, within ninety days after ceasing to provide the services or materials, CT Page 10053 recorded with the Town Clerk in which the property was located a written certificate describing the property, the amount of the claim, the name of the persons against whom the lien was filed, the date of commencement of performance of services and stated that the amount as justly due as nearly can be ascertained and that said document was subscribed and sworn to by the plaintiff claimant and that a true and attested copy was served on the owner of the land in question in the manner provided for under Conn. General Statutes Sec. 49-35. It concludes that the requirements of said section 49-34 were complied with and that it was served in accordance with section 49-35. This court is cognizant that there appears on the document a scrivener's error in that the owner of the premises is identified as Lewis Associates, Inc., rather than Lewis Associates I. This court concludes that said scrivener's error is insufficient to defeat the claim of the plaintiff under the mechanic's lien asserted herein since the plaintiff reasonably complied with the specific provisions of the statute. J. C. Penney Properties, Inc. v. Peter M. Santella Co., 210 Conn. 511
(1989) wherein the court said at page 514 that "We have long ago endorsed a policy favoring liberal construction of claimed inadequacies in certificates of mechanics' liens in order to achieve the remedial purposes of the mechanics' lien statutes. "Provisions of mechanics' lien law should be liberally construed so as to reasonably and fairly implement its remedial intent." (citation omitted) Further, there is no evidence presented to this court indicating that any party in relation to this action has been to any extent mislead by said scrivener's error. This court finds that proper service was made and notice given to Lewis Associates I.
The lien and the evidence establishes that the services of the plaintiff commenced February 17, 1987 and continued through at least September 12, 1989. Said lien was recorded on October 2, 1989, within the required 90 day period. Further, this foreclosure action was commenced within one year subsequent to the lien being recorded and the lis pendens being recorded.
Further, this court concludes that a mechanics' lien is enforceable for survey and engineering services such as provided by the plaintiff herein.
Conn. General Statutes Sec. 49-33c provides CT Page 10054 that that the claim of a mechanic's lien "is a lien on the land . . . . or lot in the event that the materials were furnished or services were rendered in the site development or subdivision on any plot of land, then on the plot of land and the claim takes precedence over any other encumberance originating after the commencement of the services or the furnishing of materials . . ." Thus this court holds that the mechanic's lien herein relates back to the commencement or the provision of services on February 17, 1987. Said date is prior to the acquisition of title by Lewis Associates I. The prior owner of the property, Library Associates, hereinbefore referred to as Drudi as previously noted, had given its consent to the work. Conn. General Statutes Sec. 49-33
provide that "If any person has a claim for more than ten dollars for materials furnished or services rendered in the . . . . improvement of any lot or in the site development or subdivision of any plot of land, and the claim is by virtue of an agreement with . . . . or by consent of the owner of the plot of land being improved or subdivided, or of some person having authority from or rightfully acting for the owner in procuring the labor or materials, . . . . or in the even that the materials were furnished or services were rendered in the site development or subdivision of any plot of land, then the plot of land, is subject to the payment of the claim. This court concludes that Drudi-Library Associates not only consented to the use of the plaintiff's work by its vendee Lewis Associates, but encouraged it and used it as a part of their offering of their premises for sale and used it as an inducement for Lewis Associates to buy the property. The work was done from the outset as an implementing agent for the accomplishing of the ultimate goal of everybody, including the defendant bank herein, that being the attaining of local zoning approval of the subdivision, which was intrinsically intertwined with the engineering and survey work performed by the plaintiff. The plaintiff's work was instrumental in acquiring zoning approval. The court finds that the then owner of the property consented and agreed to the work that it had contracted for with the plaintiff herein being utilized by its vendee, Lewis Associates. The court further concludes that the plaintiff had an specific undertaking with the prospective vendee, Lewis Associates with the consent and encouragement of the vendor Library Associates. That the granting of the loan by the bank here was for the known development purpose and that it was aware of the underlying necessity for engineering CT Page 10055 work to be in order to accomplish this purpose. Thus the court finds more than ample basis to distinguish the facts of this case from Bridgeport People's Savings v. Joseph Palaia, 115 Conn. 357 (1932).
The evidence in this case is more than sufficient to form a factual basis and the court finds that an implied contract at the very least between the plaintiff, mechanic's lienor and Library-Drudi, the owner at the time of the commencement of services for the use of its material in marketing the property. The use of this material of the plaintiff and material furnished thereafter by the plaintiff provided to the ultimate buyer, Lewis Associates sufficient indication that the project would be successful and therefor was instrumental in their decision to purchase the property.
The court finds there is a debt due to the plaintiff in the amount of $26,418.78. The owner of the property at the time of the commencement of services by the plaintiff on February 17, 1987, Library Associates-Drudi, agreed and consented to the work being performed within the meaning of Conn. General Statutes Sec 49-33(a). The subject lien is prior in right to the mortgage of the Glastonbury Bank recorded on January 29, 1988 and subsequently foreclosed and accordingly the Glastonbury Bank has taken title to this property subject to the lien of the plaintiff herein. By virtue of stipulation of the parties the court finds that the value of the subject premises is $361,000.00.
Accordingly, judgment of foreclosure in favor of the plaintiff is entered forthwith.
It is so ordered, and the plaintiff shall submit its request for further orders to implement said foreclosure.
HIGGINS, J. CT Page 10056