## FIRST CONSTITUTION BANK *v.* HARBOR VILLAGE LIMITED PARTNERSHIP ET AL.
### (11548)

O'CONNELL, FOTI and LAVERY, Js.

Argued February 19—decision released April 13, 1993

*Jonathan D. Elliot,* with whom was *Monica M. Copertino,* for the appellant (plaintiff).

*Jonathan S. Bowman,* with whom was *Paul S. Begemann,* for the appellee (defendant Fairfield Dock Company, Inc.).

FOTI, J. The plaintiff[1] appeals from the judgment of strict foreclosure rendered after a determination of pri-

---

[1] The substitute plaintiff, First Marine Corporation, appeals as successor in interest to First Constitution Bank. We will refer to it in this opinion as the plaintiff.

ority. The plaintiff asserts that the trial court improperly upheld the validity of the defendant's[2] mechanic's lien (1) despite the fact that the recorded certificate contained no description of the property other than naming the town in which the property is located, and (2) despite the defendant's failure to record and serve a notice of lis pendens, pursuant to General Statutes § 52-325, within one year of the date of the lien as contemplated by General Statutes § 49-39. The plaintiff also claims that the trial court improperly found that its mortgage did not have priority over the defendant's mechanic's lien under the doctrine of equitable subrogation. We agree with the plaintiff's first claim, that the insufficient property description invalidates the lien. Because this is dispositive of the appeal, we need not address the remaining claims.

First Constitution Bank (FCB) instituted the present action to recover sums due under a commercial revolving loan note, which was secured by a mortgage on certain parcels of land located in Greenwich and owned by Harbor Village Limited Partnership (Harbor Village) and William O. Rockwood, Jr., trustee. First Marine Corporation, the assignee of the mortgage, was substituted as the plaintiff.

The mortgaged property consists of six contiguous parcels located along the Mianus River on River Road in Greenwich. Three of the parcels are owned by Harbor Village; the other three parcels are owned by Rockwood. Each parcel bears its own street address. The loan proceeds, in the amount of $21,500,000, were obtained for the purpose of financing the construction by Harbor Village of a marina facility and dockominium at the site of the six parcels. The loan was advanced by FCB in two stages. First, on or about December 29,

---

[2] For purposes of this appeal, the term defendant refers only to Fairfield Dock Company, Inc.

1988, FCB made a $11,451,500 bridge loan to Harbor Village so that it could pay off a prior loan by Mechanics and Farmers Bank (M & F), which had been secured by a mortgage recorded in 1987. As security for the bridge loan, M & F issued a letter of credit in the amount of $11,451,500 in favor of FCB. On May 8, 1989, Harbor Village and Rockwood executed a $21,500,000 promissory note to FCB, which in turn advanced $11,451,500, enabling Harbor Village to pay off the bridge loan. On the same day, the secured M & F mortgage was released, and Harbor Village granted a $21,500,000 mortgage to FCB.

On March 3, 1989, after the recording of the M & F mortgages but before the recording of the FCB mortgage, the defendant began rendering services and furnishing materials to the project and continued to do so until February 13, 1990. On April 16, 1990, the defendant filed a certificate of mechanic's lien with the Greenwich town clerk. The lien certificate described the property as "situated in the Town of Greenwich, County of Fairfield and State of Connecticut, on a lot of land belonging to said HARBOR VILLAGE LIMITED PARTNERSHIP and WILLIAM ROCK-WOOD, JR., TRUSTEE, and bounded as follows: SEE EXHIBIT 'A' ATTACHED." Only a two page document was filed; Exhibit A was not attached. The plaintiff claims that the property subject to the mechanic's lien is not described as required by statute, and therefore the lien is invalid. We agree.[3]

---

[3] Following Harbor Village's default, FCB began the present foreclosure action. The defendant filed its answer alleging the priority of its mechanic's lien over the plaintiff's mortgage. The defendant also began its own foreclosure of its lien, filing a notice of lis pendens on the land records and serving Harbor Village and Rockwood. The lis pendens contained the names of only some of the defendants, not including FCB; the caption contained the words "Et al."

General Statutes § 49-34 sets forth the requirements for the validity of a mechanic's lien, providing as pertinent: "A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land, (A) *describing the premises,* the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed and the date of the commencement of the performance of services . . . ." (Emphasis added.)

"Because the mechanic's lien is a creature of statute, a lienor must comply with statutory requirements in order to perfect his claim." *H & S Torrington Associates* v. *Lutz Engineering Co.,* 185 Conn. 549, 553, 441 A.2d 171 (1981). The provisions of the statute creating the mechanic's lien must be complied with in order to validate that lien. See *City Lumber Co. of Bridgeport, Inc.* v. *Borsuk,* 131 Conn. 640, 645, 41 A.2d 775 (1945); *Swift & Upson Lumber Co.* v. *W. L. Hatch Co.,* 115 Conn. 494, 498, 162 A. 19 (1932); *White* v. *Washington School District,* 42 Conn. 541, 545 (1875).

"Although the mechanic's lien statute creates a statutory right in derogation of the common law; *Camputaro* v. *Stuart Hardwood Corporation,* 180 Conn. 545, 550, 429 A.2d 796 (1980); *Gruss* v. *Miskinis,* 130 Conn. 367, 370, 34 A.2d 600 (1943); its provisions should be liberally construed in order to implement its remedial purpose of furnishing security for one who provides services or materials. . . . Our interpretation, however, may not depart from reasonable compliance with the specific terms of the statute under the guise of a liberal construction." (Citations omitted.) *Nickel Mine Brook Associates* v. *Joseph E. Sakal, P.C.,* 217 Conn. 361, 364–65, 585 A.2d 1210 (1991). While the statute's

remedial purpose warrants a generous construction, this "[g]enerosity of spirit does not . . . permit departure from reasonable compliance with the specific provisions of the statute." *Camputaro* v. *Stuart Hardwood Corporation,* supra, 551. "We cannot . . . depart from the plain meaning of the words of the statute." *Stone* v. *Rosenfield,* 141 Conn. 188, 191, 104 A.2d 545 (1954).

The language of General Statutes § 49-34 is plain and unambiguous. It requires the recorded certificate to describe the premises in order for the mechanic's lien to be valid. In the present case, the certificate of lien recorded on the land records contained no description of the property purportedly subject to the lien other than an identification of the town in which the property was located. Therefore, the requirement of § 49-34 was not satisfied. Lack of prejudice to the plaintiff is irrelevant. Whether the plaintiff or anyone else was actually misled by the omission is of no consequence. Nor is the deficiency excused by the fact that the only land owned by Harbor Village and Rockwood was located on River Road and a reasonable party searching the records could conclude that a mechanic's lien applied to that property. A substantial or reasonable compliance argument is also unavailing because here there was no compliance at all.[4] " '[W]here the certificate is . . . so grossly inaccurate as to show that there was no attempt to give an accurate and true description, then, if the statute means anything, the certificate ought to be held void, *as no better than a total omission to attempt to comply with its provisions.'* " (Emphasis added.) *Tramonte* v. *Wilens,* 89 Conn. 520, 525, 94 A. 978 (1915); see also *Rose* v. *Persse & Brooks*

---

[4] The recording fees paid by Fairfield reflect that only two pages of the intended five page document were filed. The original two page certificate that was recorded was returned to Fairfield's attorney. No action was taken to correct the error so as to comply with the statute.

*Paper Works,* 29 Conn. 256, 266 (1860) (description of property is required so that the public, by examining the record, may learn on what precise property the lien is claimed). The complete omission of a description of the property invalidates Fairfield's lien.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.