[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action brought by the plaintiff, the Department of Environmental Protection, (DEP) seeking injunctive relief and civil penalties against the defendant, AES Thames, (AES) for numerous alleged violations of its wastewater discharge permit. The DEP filed this action on October 20, 1994.
The complaint sounds in ten counts. In count one, the DEP alleges that AES failed to properly maintain and operate its neutralization basin by improperly discharging wastewater from the basin with a high pH value in violation of AES's permit, and § 22a-430-3(f) of the regulations of Connecticut State Agencies(R.C.S.A.). In count two, the DEP asserts that AES discharged wastewater with an excessive pH level into its sewage system in violation of General Statutes § 22a-430(d) and R.C.S.A. § 22a-430-3(e). Count three of the complaint is a negligence claim, with the DEP claiming that AES negligently CT Page 5723 maintained its sewage lift station in violation of AES's permit and R.C.S.A. § 22a-430-3(f).
In count four of the complaint, the DEP claims that the discharge of high pH wastewater from the sewage lift station damaged the town of Montville's sewage system and caused that system to be in violation of the town's federal permit, which is a violation of AES's permit and R.C.S.A. § 22a-430-4(t). Count five contains allegations that AES failed to notify the town of the illegal discharge within two hours of its occurrence in violation of R.C.S.A. § 22a-430-3(j)(11)(D).
Counts six through nine are related to a series of alleged illegal acts that occurred from August 18, 1992 and into August 19, 1992. In those counts, the DEP incorporates the allegations from counts two through four, but alleges them as a factually separate incident. In count ten, the DEP alleges that AES has failed to submit discharge monitoring reports and has violated the discharge levels on the reports it has submitted in violation of General Statutes § 22a-430(d) and the permits issued to it by the state.
The DEP seeks four prayers for relief. The first prayer is a temporary and permanent injunction pursuant to General Statutes §§ 22a-6(a)(3) and 22a-430, prohibiting AES from maintaining discharges until AES has complied with its permit. The second prayer for relief seeks, pursuant to General Statutes § 22a-438, an order that AES forfeit a sum not to exceed $10,000 for each day a violation occurred prior to September 30, 1989, and $25,000 for each day a violation occurred after that date pursuant to Gen. Stat. § 22a-438.
In the third prayer for relief, the DEP seeks an order pursuant to General Statutes § 22a-6(a), that AES reimburse the State for expenses incurred in detecting, investigating, controlling and abating the violations set forth in the complaint. Finally, the fourth claim for relief seeks an order pursuant to General Statutes § 22a-6, for a temporary and permanent injunction requiring AES to comply with the statutes and regulations that are the subject of this complaint.
On February 12, 1995, AES filed a motion to strike the DEP's second prayer for relief for counts one, three, four, five, seven, eight, and nine. Additionally, AES seeks to strike the fourth and eighth counts.[1] In support of its CT Page 5724 motion to strike, AES filed a memorandum of law with the court. On March 6, 1995, the DEP filed an objection to the motion to strike as well as a memorandum in support of its objection.
The motion to strike is the proper motion to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Novametrix MedicalSystems v. BOC Group, Inc., 224 Conn. 210, 214-215,618 A.2d 25 (1992). "Its function . . . is to test the legal sufficiency of a pleading." Alarm Applications Co. v. Simsbury VolunteerFire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980). The motion admits all legal facts but not conclusions of law. Verdon v.Transamerica Ins. Co., 187 Conn. 363, 365, 446 A.2d 3 (1982). "Conclusions of law, absent sufficient alleged facts to support them, are subject to a motion to strike." Fortini v.New England Log Homes, Inc., 4 Conn. App. 132, 135,492 A.2d 545 (1985).
"In considering the ruling upon the motion to strike, [the court is] limited to the facts alleged in the complaint,King v. Board of Education, 195 Conn. 90, 93, 486 A.2d 1111
(1985). If facts provable under the allegations would support a cause of action, the motion to strike must fail. AlarmApplications Co. v. Simsbury Volunteer Fire Co., supra,179 Conn. 545. The court must construe the facts in the complaint in the light most favorable to the plaintiff. NovametrixMedical Systems v. BOC Group, Inc., supra, 224 Conn. 216.
I. Motion to Strike the second prayer for relief for countsone, three, four, five, seven, eight, and nine.
AES offers three arguments in support of its motion to strike the prayers for relief. First, it argues that General Statutes § 22a-438 does not authorize the state to bring forfeiture actions for regulatory violations. Second, it contends that if penal statutes are ambiguous, they must be strictly construed against punishment. Finally, AES argues that General Statutes § 21-438 is unconstitutional.
In response, the DEP claims that the motion to strike should be denied because General Statutes § 22a-438 authorizes civil penalties for violations of its permit and the various regulations. Additionally, the DEP maintains that General Statutes § 22a-438 is not unconstitutionally vague as applied CT Page 5725 to AES in this action. For these reasons, the DEP argues that AES's motion to strike the second prayer for relief as to counts one, three, four, five, seven, eight, and nine should be denied.
The motion to strike the second prayer for relief for counts one, three, four, five, seven, eight, and nine must be denied. The decision in Pac v. Upjohn, 21 Conn. App. 91, 101-02,571 A.2d 160 (1990), coupled with the fact that the statute is remedial in nature and that broad powers are given to the commissioner of the DEP to control and abate pollution, lead this court to the conclusion that the DEP has stated a sufficient claim. The motion to strike the second prayer for relief should be denied.
The legislature has given the commissioner of the DEP broad powers to control and abate pollution. Oink, Inc. v. AnnStreet Limited Partnership, 12 Conn. L. Rptr. 547 (1994, Corradino, J.). This broad power includes the authority to enforce violations of chapter 446k in General Statutes § 22a-438, which states in relevant part:
 Any person who . . . violates any provision of this chapter, or section 22a-6 or 22a-7 shall be assessed a civil penalty not to exceed twenty-five thousand dollars . . . for each offense. Each violation shall be a separate and distinct offense and, in case of a continuing violation, each day's continuance thereof shall be deemed to be a separate and distinct offense.
The Commissioner is also granted the power to enact regulations in General Statutes § 22a-430. Additionally, General Statutes § 22a-6 authorizes the Commissioner to enact environmental regulations, and to institute legal proceedings to enforce those regulations. The DEP argues that because the commissioner is empowered to make regulations, he must be empowered with the authority to enforce civil penalties for the violations of those regulations. Otherwise, the DEP argues that the regulations would be useless because the DEP would have no enforcement powers. The DEP cites Upjohn as authority for this proposition.
Upjohn involved an action by the Commissioner of the DEP seeking a civil penalty from AES for discharging wastewater CT Page 5726 materials in excess of certain limitations. The trial court allowed the DEP's claim that General Statutes § 22a-438
authorizes forfeitures for violating an order under General Statutes § 22a-431. Upjohn, supra, 21 Conn. App. 91. The Appellate Court upheld the DEP's assessment of civil penalties, finding that the "legislative history of 22a-438. . . convince[s] us that the forfeiture statute was meant to apply to any administrative order issued under the authority of section 446k." Id., 103. The Upjohn court also found that General Statutes § 22a-438 expressly applies to all provisions in chapter 446k and that Chapter 446k is a wide delegation of authority from the commissioner to the legislature. Id. The court further found that "it would defy reason if dischargers could violate administrative orders and not be penalized under General Statutes § 22a-438 for their past conduct." Upjohn,
supra, 21 Conn. App. 106.
It is the opinion of this court that the DEP has authority to seek the second prayer for relief, and therefore the motion to strike the second prayer for relief as to the first, third, fourth, fifth, seventh, eighth, and ninth counts should be denied.
II. Motion to Strike the Fourth and Eighth Counts of theComplaint
AES also argues that the motion to strike should be granted as to counts four and eight of the complaint. AES argues that R.C.S.A. § 22a-430-4(t) does not apply to it because that section governs the duties of the DEP only. AES further argues that the regulation places requirements on the DEP, but none on AES. Since R.C.S.A. § 22a-430-4-(t) places no duty on AES, AES argues that no cause of action can be brought against it under R.C.S.A. § 22a-430-4-(t), and the motion to strike should be granted.
In response, the DEP argues that General Statutes § 22a-438
authorizes civil penalties for AES's violations of its permit and the applicable regulations. The DEP claims that General Statutes § 22a-438 applies to all parts of Chapter 446K, that § 22a-430(b) is a part of Chapter 446K, and therefore the agency is authorized to enact regulations pursuant to section 22a-438. The DEP further argues that the statute is not constitutionally vague, and that the DEP is entitled to penalties for AES's violations pursuant to CT Page 5727 R.C.S.A. § 22a-430-4(t).
R.C.S.A. § 22a-430-4(t) provides:
(t) Discharges to POTWs — prohibitions
 (1) For discharges to POTWs, no discharge may for any reason cause or threaten, either singly or in combination with other discharges:
 (A) Interference with or adverse effect upon the operation of the POTW.
 (B) Interference with or adverse effect upon the POTW's sludge handling, use or disposal, including but not limited to noncompliance with section 405 CWA, the Solid Waste Disposal Act, the Clean Air Act, the Toxic Substances Control Act, the Marine Protection Act or any local or state laws, regulations or ordinances.
 (C) The POTW to exceed its influent design loading parameters.
 (D) The POTW to violate its permit, including but not limited to exceeding its permit limits.
 (E) A worsening of any condition which is causing the POTW to exceed its influent design loading parameters or violate its permit.
 (F) Pass through any substance into the receiving waters which then causes or threatens pollution.
(2) No discharge to a POTW may contain:
 (A) Any substance which causes or threatens a fire or explosion hazard in the POTW.
 (B) Any substance which causes or threatens corrosive structural damage to the POTW. In no case shall a substance with a pH less than 5.0 be discharged unless the POTW is specifically designed to accommodate such a discharge.
(C) Solid or viscous wastes in amounts which cause or CT Page 5728 threaten obstruction to flow in the sewers.
 (D) Heat in such amounts that the temperature of the POTW influent exceeds 104 degrees F, unless the POTW is designed to accommodate such heat.
However, R.C.S.A. § 22a-430-4 provides:
 (a)(1) Any person who or municipality which is required by section 22a-430 of the Connecticut General Statutes to obtain a permit to discharge to the waters of the state, including any person who or municipality which increased an existing discharge beyond permit conditions, shall do so in accordance with the provisions of this Section and section 22a-430-3 of the Regulation of Connecticut State Agencies, as amended.
R.C.S.A. § 22a-430-4 contravenes AES's argument that the regulation does not apply to AES. The regulation clearly states that any person required to obtain a permit under General Statutes § 22a-430 must meet the requirements of R.C.S.A. § 22a-430-4. This would apply to AES. Courts should not depart from the plain meaning of a statute. FirstConstitution Bank v. Harbor Village, Ltd., 31 Conn. App. 15,19, 622 A.2d 1063 (1993).
Accordingly, AES is subject to the provisions of General Statutes § 22a-430 and the motion to strike as to counts four and eight are denied.
Hale, State Trial Referee, J.